JOHNSON and another vs. THE ASHLAND LUMBER COMPANY.

*May 11 — June 4, 1881.*

EVIDENCE.   *(1) Res Adjudicata: Deed as it appears on its face, already construed.   (2) Burden of showing a different meaning.   (3) Proof of contents of recorded mortgage.*

TAX DEED:   *(4) Void for uncertain description.*

1. It is *res adjudicata*, by a former decision of this court herein (47 Wis., 326), that the deed under which plaintiffs claim the land from which was cut the timber here in dispute, was a valid deed of a quarter section,

Johnson and another vs. The Ashland Lumber Company.

with certain exceptions therein named; and that the exception therein of "the thirty-two acres mortgaged to A., adjoining the town line" must be *presumed*, in the absence of the mortgage, to except a parcel of land extending the whole length of the north side of the quarter section, of sufficient uniform width to include thirty-two acres, and a further exception of seven acres, "to be taken on the east side of said described land," excepts a parcel of land extending along the east side of said quarter section of sufficient uniform width to include seven acres.

2. In this action, for logs cut from said quarter section, when plaintiffs had shown their title to whatever lands were conveyed by said deed, and that the logs were cut upon lands included within the deed *as above construed*, they were not bound to make proof of the contents of said mortgage to A.; but if defendants desired to show that the thirty-two acres excepted in the deed by reference to such mortgage were other than those indicated by the construction already given to the deed on its face, it was for them to prove the contents of the mortgage.

3. The best evidence of the contents of a recorded mortgage is the instrument itself, or the record or a certified copy thereof; and there was no error in excluding parol evidence of such contents in this case.

4. The description of the land in a tax deed was "lot 3, and the northeast quarter of the northwest quarter, *less seven acres*, of section 5," of a specified township. *Held*, void for uncertainty.

APPEAL from the Circuit Court for *Sauk* County.

The defendant appealed from a judgment in favor of the plaintiffs. The case is stated in the opinion. For the report of a former appeal in the same cause, see 47 Wis., 326–332.

For the appellant there was a brief by *W. M. Tomkins*, and oral argument by *E. E. Bryant*.

*J. J. Miles*, for the respondent.

TAYLOR, J. This action is brought to recover damages for cutting and carrying away the pine timber upon the plaintiffs' land. The plaintiffs recovered, and the defendant appeals from the judgment. The only questions upon this appeal are: 1. Did the respondents show title to the lands upon which the timber was cut? 2. Did the court err in rejecting certain evidence offered by the appellant upon the trial?

The first question was, we think, settled by this court in its

decision upon a former appeal to this court in this action, and settled in favor of the respondents. Whether the respondents showed title in themselves to the lands upon which the timber was cut by the appellant, depends wholly upon the construction which must be given to the deed offered in evidence, from Steven Butterfield and wife to Lawrence Farley, dated October 26, 1860. The evidence clearly establishes the fact that whatever lands were conveyed by said deed to Farley, were owned by the respondents at the time the timber was cut and removed therefrom, unless said title had been divested by virtue of a tax deed which was offered in evidence by the appellant. The description of the premises conveyed to Farley, as set out in said deed, is as follows: "Land lying and being situated in the county of Ashland and state of Wisconsin, and described as follows: Lots 3 and 4 and N. ½ of the N. W. ¼ of section 5, in township 48 N. of range 4 W., excepting thirty-two acres mortgaged to Schuyler Goff, adjoining the town line, and also seven acres which I reserve for myself, and to be taken on the east side of said described land, and leaving the amount of acres now deeded in this deed about thirty-four, more or less."

It is insisted upon this appeal, by the learned counsel for the appellant, that it was the duty of the plaintiffs to either produce the mortgage referred to in the description in order to locate the 32 acres not conveyed, or, if it was out of their power to produce such mortgage or the record thereof, then to give other evidence of the exact location of the land described in such mortgage, in order to establish the bounds of the lands conveyed to Farley by such deed, and which came to them afterwards by inheritance from said Farley. It is said that upon the face of the deed the description of the land not conveyed is so indefinite and uncertain that it cannot be located, and therefore the description of the lands in fact conveyed is also so indefinite and uncertain that the plaintiffs cannot found any right thereon to any part of the lands described in the deed. The same contention was made on the former

Johnson and another vs. The Ashland Lumber Company.

trial; and, as we understand it, on such former trial the court below held that the description of the lands not conveyed was so indefinite and uncertain that the whole exception was void, and the title to all the lands first described passed to Farley. On appeal from the judgment in favor of the plaintiffs upon that trial, this court reversed the judgment of the court below, and held that the descriptions of the lands excepted and not conveyed by the deed to Farley were certain, and that such lands could be located from the deed itself, without the aid of any extrinsic evidence. 47 Wis., 326. Justice LYON, who wrote the opinion in that case, says: "We think there is no uncertainty or ambiguity in the description in that conveyance of the excepted parcels. It was conceded in the argument of the cause, and the government plat shows, that the N. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$, and lots 3 and 4 of section 5, constitute the northwest fractional quarter of that section; lot 3 being the southeast and lot 4 the southwest fractional quarter of the quarter section. The exception of 32 acres adjoining the town line, mortgaged to Schuyler Goff, must, in the absence of that mortgage, be presumed to be a parcel of land extending the whole length of the north side of the quarter section (which is the only town line abutting it), of sufficient uniform width to include 32 acres; and the exception of seven acres to be taken on the east side of the fractional quarter section is an exception of a parcel of land extending along the whole east side of the quarter section, of sufficient uniform width to include seven acres." This construction seems to be sufficiently supported by the authorities cited by Justice LYON in his opinion. The construction as to the location of the seven acres is criticised by the learned counsel for the appellant upon this appeal, and it is insisted that the seven acres should be taken from the east end of so much of the entire tract as is left after the 32 acres is taken from the north side of the same. There is, perhaps, some force in this criticism; and yet, upon the language of the deed, and construing it

most favorably to the grantee, the construction given it by this court is fully sustained.

For the purposes of this case, the construction given to the deed upon the former appeal is *res adjudicata;* and, if we were fully convinced that an error had been committed, it would now be too late to remedy the same. Upon the new trial, the plaintiffs and the court below were bound to give the deed the construction given to it by this court, and make their proofs in accordance therewith. It is settled by the former decision that there is no ambiguity or uncertainty on the face of the deed itself, as to the boundaries of the land conveyed thereby; but if the mortgage referred to in said deed had been produced on the trial, and the land mortgaged had not been 32 acres of uniform width along the north line of the tract, then there would have been an uncertainty as to the description in the deed. It would have presented a latent ambiguity, made patent by the mortgage, and the description of the deed, in that. case, would give way to that afforded by the production of the mortgage referred to therein. We think we were right in holding that the plaintiff made good his title to the land in dispute by the production of the deed alone. The deed must be construed, nothing appearing to the contrary, as though it had read, "excepting 32 acres of uniform width taken from the north side of said quarter section, being the lands heretofore mortgaged by the grantor to Schuyler Goff."

In such case the description of the excepted land is made definite and certain without the production of the mortgage, and the grantee has the right to suppose the description in the mortgage, if produced, would correspond with the exception in the deed. The presumption is in his favor, and if it be alleged that the lands mortgaged to Goff were not those described in the deed as construed by the court, the proofs must be produced by the party who relies upon such fact. The plaintiff was not bound to verify the description contained in

his deed by the production of the mortgage. Had the exception been simply 32 acres heretofore mortgaged to Schuyler Goff, without in any way describing the location of the land so mortgaged, then in order to make out his title the plaintiff would have been compelled to prove what tract was, in fact, so mortgaged, in order to make out the description of the land conveyed to him. The plaintiffs on their part proved their title to a certain portion of the northwest fractional quarter of section 5, township 48, range 4 W. They also proved that the defendant had cut and removed a certain quantity of pine logs from said land so owned by them, and the value thereof. They made out a perfect case, and, unless the circuit court erred in excluding the evidence offered by the defendant, they were entitled to recover.

The learned counsel for the appellant insists that the court erred in excluding the parol evidence offered on his part to show the boundaries of the lands mortgaged to Goff. We think this evidence was properly excluded. The best evidence of the true description of the lands mortgaged to Goff, outside of the description contained in the deed to Farley, was the mortgage itself, or the record thereof. The evidence shows that the mortgage referred to in the deed had been given, and that it had been recorded in the office of the register of deeds of the proper county; and no reason is given in the evidence for not producing the record of the same. The original being lost, the record is the best evidence of its contents, and, unless the record be lost or destroyed, no parol evidence of its contents is admissible. *Sexsmith v. Jones*, 13 Wis., 565. The defendant having failed to show any reason for not producing in evidence the record of the mortgage, the court was right in rejecting parol evidence as to the description of the lands so mortgaged. The mortgage not having been produced in evidence, or any other competent proof of its contents, there was nothing in the case to control the description given in the deed to Farley, or to cast any uncertainty upon such description.

There was, therefore, no ground laid by the defendant for the introduction of the parol evidence offered by him to show the boundaries of the lands intended to be conveyed by the deed to Farley.

Had the mortgage been produced in evidence, and the description of the lands mortgaged thereby been shown to differ from the description contained in the deed, it would have been competent to show by parol that the grantee, at the time he took his deed, was informed of the true description of the lands so mortgaged, for the purpose of rebutting the presumption arising from the deed that the exception was applicable only to the north 32 acres of the tract, and to show that the grantee was not misled by the description inserted in the deed, as to the lands really intended to be excepted therefrom. The appellant having failed to put the mortgage in evidence, there was no foundation for alleging that there was a mistake in the description in Farley's deed. In the absence of the mortgage, or proper proof of its contents, the presumption being that the mortgage described the lands the same as described in the deed, all other evidence offered to show a mistake in the description in the Farley deed was properly rejected. The fallacy of the theory of the learned counsel for the appellant consists in this: It is admitted that the deed to Farley intended to except from the conveyance only the lands mortgaged to Goff, and the seven acres on the east end of the track; and this court having held that the deed itself sets out with sufficient certainty the description of the excepted parcel, the appellant undertakes to show there was a mistake in the description in the deed as to the lands mortgaged to Goff, without producing the mortgage or proper proof of its contents. This, we think, was clearly inadmissible. If the description, as set out in the deed, is to be varied at all, it must be by showing that it does not truly describe the lands described in the mortgage, and the best evidence of the description of the lands mortgaged to Goff is the mortgage itself, the record thereof, or a certified copy

of such record. Neither of these was offered in evidence by the appellant, nor was any sufficient reason shown for not producing the record or a certified copy thereof. All other evidence upon the subject of the description was therefore properly rejected.

The only other question in the case is, whether the tax deed offered in evidence by the defendant was void upon its face. The lands described in the tax deed were sold as one tract for the payment of a tax assessed upon the same as one tract. And as the deed, upon its face, shows that the tract was bid off by the county, there is no inference that the lands sold were only a part of the tract upon which the taxes were assessed. The description of the lands in the tax deed is as follows: " Lot 3, and the northeast quarter of northwest quarter, less seven acres (lot 3, and N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$, less seven acres) of section five (5), township forty-eight (48), range four (4) west." It is very clear from this description that there were seven acres, a part of this tract, which were not intended to be conveyed by said deed, and were not conveyed by it; and as such seven acres were in no way described, it is quite impossible to determine from the deed itself what lands are conveyed by it. The deed, in fact, purports to convey all of lot 3, and the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 5, etc., but seven acres. Suppose the two tracts contain in all 77 acres, then the deed conveys 70 acres of lot 3, and N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of section 5. What 70 acres are conveyed? It is quite impossible to tell from the deed itself, and there is no way to make the description certain by any reference in the deed to objects on the land, or adjoining it, which would make it certain. From the data given by the deed it is impossible to locate the lands conveyed. We think the deed must be held void on account of the uncertainty of the description. The following cases, upon the question of description in tax deeds, we think, fully sustain these views: *Head v. James*, 13 Wis., 641; *Curtis v. Supervisors*, 22 Wis., 167; *Greene v. Lunt*, 58 Me., 518; *Inhabit-*

*ants of Orono v. Veazie,* 61 Me., 431; *Lessee of Massie's Heirs v. Long,* 2 Ohio, 412; *Treon's Lessee v. Emerick,* 6 Ohio, 391; *Stewart v. Aten,* 5 Ohio St., 257; *Bidwell v. Coleman,* 11 Minn., 78.

We find no errors in the rejection of the evidence offered by the appellant.

*By the Court.* — The judgment of the circuit court is affirmed.