J. R. W. GRISSOM, APPELLANT, vs. JAMES C. FURMAN, TRUSTEE, APPELLEE.

1. When the "assessment roll describes the land assessed as fractional part of section 4, township 21, range 11, and the deed of the clerk is to fractional part of section 4, township 11, range 21," such deed is void.

2. A deed by the clerk to any other lands than those assessed, or materially different therefrom, is a nullity.

3. A description of lands on an assessment roll so faulty as not to enable the purchaser to identify the land thereby, is an invalid assessment.

Appeal from the Circuit Court for Alachua county.

The facts in the case are stated in the opinion.

*Ashby, Scott & Thrasher* for Appellant.

*Taylor & Sanchez* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Suit in ejectment by appellee, James C. Furman, Trustee of Mary G. D. Furman, for a tract of land in Alachua county. The plaintiff introduced evidence of title to the land in suit, to wit: Fractional section 4, township 11, south, range 21, east. The defendant introduced a tax deed made to him by W. H. Belton, Clerk of the Circuit Court, dated June 4, 1874, to the following described land: " Fractional part of section 4, township 11, range 21." Counsel for the plaintiff then introduced the assessment roll of Alachua county, for the year 1873, for the purpose of showing that the land sued for and described in the defendant's tax deed had never been assessed. To the introduction of the assessment roll the defendant objected. The assessment roll showed the following lands assessed to Furman: " Fractional part of section 4, township 21, range 11." It will be seen that the township and range numbers as assessed had been reversed in the tax deed. We decided in Carncross vs. Lykes, at present term, that the clerk could only make a deed to the lands assessed by the assessor. A deed by him to any other lands is a nullity, and is not a deed " made in pursuance *of a sale of land for taxes.*"

The description of the land, both in the tax deed and the assessment roll, is fatally defective as to the locality of the land. They say " fractional part section 4." There is nothing to designate what part of the section was assessed or sold.

There was no error in allowing the introduction of the assessment roll.

We do not think it necessary to notice the other questions presented.

The judgment is affirmed.