Miller v. Lindstrom.—Syllabus.

FLORENCE W. MILLER, PLAINTIFF IN ERROR, VS. SWAN S. LINDSTROM, DEFENDANT IN ERROR.

1. A description of lands on an assessment roll, so faulty as not to warn the owner of the charge upon his land, or to advise possible purchasers what land is to be sold, will invalidate the assessment.

2. A description of land in the assessment roll, as lot 1, Assessor's Pierson, is insufficient to support a tax deed, it being shown in evidence that there was no such map as Assessor's Pierson on record, but that there were recorded maps designated respectively "Assessor's plat of C. F. Pierson's addition to Pierson's" and "Assessor's subdivision of E. ½ N. E. ¼ & N. E. ¼ of S. E. ¼ of Sec. 33, T. 14 S., R. 28 E., at Pierson."

This case was decided by Division B.

Writ of error to the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the Court.

*F. C. Austin* and *Isaac A. Stewart* (with whom was *Egford Bly* on the brief), for Plaintiff in Error;

COCKRELL, J.

This cause was referred by the court to its late commissioners who recommended that the judgment be reversed.

It appears from the abstract that the plaintiff in error instituted in the court below an action of ejectment to recover possession of a certain tratc of land described by metes and bounds, and "otherwise described according to a map on file in assessor's map book 3 at page 18 of records of Volusia county, Florida, as lot 1 of assessor's subdivision of E ½ of N. E. ¼ & N. E. ¼ of S. E. ¼ of Sec. 33, T. 14 S., R. 28 E., at Pierson." Defendant pleaded the general issue and the cause was tried by the court, a jury having been waived. On the trial the plaintiff proved possession of the premises by her husband under a deed, and after his death by herself as sole heir, prior to the possession of the defendant, who thereupon successfully defended his later possession solely by virtue of a tax deed to land therein described as "lot one (1) assessor's map of Pierson, Volusia county, Florida."

Many objections were urged below and are insisted upon here to the validity of the tax title successfully asserted by the defendant in the trial court, but we shall confine ourselves to those questioning the sufficiency of the descriptions of the land found in the assessment rolls

and other proceedings, a necessary predicate for any tax deed|.

The description of the assessment roll, in the advertisement of sale and in the list of lands sold for taxes was "lot 1 assessor's Pierson." "Lot 1 assessor's Pierson," and "lot 1 assessor's," respectively. It was shown in the evidence there was no such map as "Assessor's Pierson" on record. There was a map entitled "Assessor's plat of C. F. Pierson's addition to Pierson" and also one with the title of "Assessor's subdivision of E. ½ N. E. ¼ & N. E. ¼ of S. E. ¼ of Sec. 33 T. 14 S., R. 28 E., at Pierson." The description given should be such as to warn the owner of the charge upon his land, and to advise possible purchasers what land is to be sold; that given here, "lot 1 assessor's Pierson." "Lot 1 assessor's, Pierson," ignate the land in controversy, and can not be so aided by intendment as to be effective.

The description in the deed, "lot 1 assor's map of Pierson, Volusia county, Florida," is more intelligible. But even if we assume that the deed contains a sufficient description, it does not cure the defective description in the assessment roll, the advertisement of sale and the list of lands sold. Its only effect is to make the deed describe lands not assessed or sold and which, therefore, it could not convey. Grissom v. Furman, 22 Fla. 581; Carncross v. Lykes, 22 Fla. 587; Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635; McKeown v. Collins, 38 Fla. 276, 21 South. Rep. 103.

It follows that the judgment must be reversed, and a new trial granted.