Jarrell v. McRainey—Syllabus.

D. C. JARRELL *et al.*, *Appellants,* v. W. H. McRAINEY, *Appellee.*

## Opinion Filed February 11, 1913.

1. In proceedings to remove a cloud upon title, the complainant must show with clearness, accuracy and certainty, the validity of his own title and the invalidity of the title of the opposing parties.

2. If the description of the land contained in a tax deed is so uncertain and indefinite as to render it impracticable to definitely locate the land from the terms of the tax deed itself or from other matters referred to in the deed as bearing on the description, there can be no possession of particular land under the indefinite tax deed.

3. Greater strictness is required of the description of the land contained in a tax deed than in voluntary deeds. The land must be described with such accuracy that with ordinary and reasonable certainty the land sold can be ascertained and identified.

4. The description of property in a tax deed must be certain in itself, or at least capable of being made certain by matters referred to in the deed itself as relating to the description, and evidence *aliunde* not referred to in the deed cannot be used to ascertain the land intended to be conveyed.

5. A tax deed is void for uncertainty where the land is described as "Southwest quarter of the Southwest quarter (less 30a) Sec. 32, Township 18 South of Range 23 East, and embraced in certificate No. 397, of 1884, containing 27 acres more or less," and does not afford a basis for title to any land by actual possession under section 591, General Statutes of 1906.

Appealed from the Circuit Court for Sumter County.

Decree reversed.

*J. T. McCollum* and *W. T. Martin,* for Appellants;

*H. M. Hampton,* for Appellee.

WHITFIELD, J.—Prior opinions herein are reported in McRainey v. Jarrell, 59 Fla. 585, 587, 52 South. Rep. 10,304.

On November 2nd, 1904, W. H. McRainey procured a tax deed to "Southwest quarter of the Southwest quarter (less 13 a) Section 32, Township 18, South of Range 23 East, and embraced in certificate no 397 of 1894, containing 27 acres more or less." On March 22, 1909, McRainey brought suit to quiet his title to the land making Mrs. D. C. Jarrell and her husband W. J. Jarrell defendants. The bill of complaint in effect alleges that McRainey is the owner in fee simple of "S. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, except 13 acres, of Section 32, Township 18 South of Range 23 East, in Sumter County, Florida," by virtue of the mentioned tax deed; that on February 17, 1905, complainant went into actual possession of the lands "that is to say, the Seaboard Air Line Railway crosses the said lands, leaving a strip on the west side containing about 13 acres, and on the east side containing 27 acres, the latter portion being the portion owned and held by your orator under said tax deed;" that he used the same for turpentine purposes and has "erected around the same a substantial wire fence, and has caused the same to be enclosed therewith, and at the time of the filing of this bill your orator is still in actual possession of the said lands, using the same for the purposes aforesaid, and that such possession of said lands has been continuous for a period of more than four years since the date of the issuance of said deed," and the former owner has not brought any action against complainant for the recovery of the lands;

that complainant was in possession claiming adversely when defendants procured a deed to the lands from the former owner or claimant; that defendants have no title and are annoying complainant by their acts and by asserting ownership. Appropriate relief is prayed. The defendants answered including therein a demurrer (1) that there is no equity in the bill; (2) that Section 591 of the General Statutes does not apply to the tax deed upon which complainant relies; (3) that grounds for equitable relief are not shown. Testimony was taken and a decree rendered for the complainant. The defendants appealed.

In proceedings to remove a cloud upon title, the complainant must· show with clearness, accuracy and certainty, the validity of his own title and the invalidity of the title of the opposing parties. Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635; Houston v. McKinney, 54 Fla. 600, 45 South. Rep. 480.

Section 591 of the General Statutes provides that "when the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by the former owner or claimant, his heirs or assigns, or his or their legal representatives for the recovery of the possession of such land, unless such suit be commenced within four years after the purchaser at such tax sale goes into possession of the land so brought;"...............

In Florida Finance Co. v. Sheffield, 56 Fla. 285, 48 South. Rep. 42, it is held that "Where the defendant in an action of ejectment, or those under whom he claims, goes into actual possession of land purchased at tax sale under a tax deed regular on its face, but based upon a void assessment, such actual possession for the period of four years prescribed by Section 591 of the General

Statutes of 1906 prior to the bringing of the action will bar the suit."

The question here presented is whether the tax deed under which the complainant asserts title is so "regular on its face" as to make it ripen into a title to lands by actual, continuous possession under it for four years.

Where the description of land contained in a tax deed is on its face void for uncertainty, in that the land cannot with substantial accuracy be located by the descriptions contained in the deed or by such descriptions together with the aid of documents, records, objects or matters referred to in the deed as bearing on the description, such tax deed does not afford a basis for title to land by actual possession for the period. of four years under the Section of the statute above quoted. Actual adverse possession of the land as required by Section 1722 General Statutes for the requisite period of time may ripen into a title by reason of such adverse possession; but in order to bar a recovery by the former owner, one in actual possession for four years of land sold for taxes, must have a tax deed definitely covering the land. If the description of the land contained in the tax deed is so uncertain and indefinite as to render it impracticable to definitely locate the land from the terms of the tax deed itself or from other matters referred to in the deed as bearing on the description, there can be no possession of particular land under the indefinite tax deed. See Sadler v. Smith, 54 Fla. 671, 45 South. Rep. 718; Hoodless v. Jernigan, 46 Fla. 213, text 223, 35 South. Rep. 656; Walker v. Lee, 51 Fla. 360, 40 South. Rep. 881; Sherlock v. Varn, 64 Fla. 447, 59 South Rep. 953.

"Greater strictness is required of the description of the land contained in a tax deed than in voluntary deeds. The land must be described with such accuracy that with

ordinary and reasonable certainty the land sold can be ascertained and identified. A tax deed is void for uncertainty in which the land is described as 'lot 3, and the northeast quarter of the northwest quarter *less seven acres* (lot 3, and N. E. ¼ of N. W. ¼ less seven acres) of Section five (5), Township forty-eight (48), Range four (4) west.'" 3 Devlin on Deeds (3rd ed.) Sec. 1405; Johnson v. Ashland Lumber Co., 52 Wis. 458, 9 N. W. Rep. 464; Alleman v. Hammond, 209 Ill. 70, 70 N. E. Rep. 661; Green v. McGrew, 35 Ind. App. 104, 72 N. E. Rep. 1049; 73 N. E. Rep. 832, 111 Am. St. Rep. 149. The description of property in a tax deed must be certain in itself, or at least capable of being made certain by matters referred to in the deed itself as relating to the description, and evidence *aliunde* not referred to in the deed cannot be used to ascertain the land intended to be conveyed. See Power v. Bowdle, 3 N. Dak. 107, 54 N. W. Rep. 404, 44 Am. St. Rep. 511; Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53.

The deed in this case contains nothing to indicate that the 27 acres purported to be conveyed was on either side of the Seaboard Air Line Railway track as alleged in the bill of complaint, and there was nothing in the deed to which reference could be made in ascertaining the location of the 27 acres or the 13 acres which together made the 40 acre tract referred to. See Wetherbee v. Dunn, 32 Cal. 106; Loyd v. Oates, (Ala) 38 South. Rep. 1022.

In conveyances between individuals uncertainty in descriptions of lands excepted may not affect the conveyance otherwise effective, where the land intended to be conveyed can be ascertained. Here the conveyance is a tax deed and there is nothing to indicate in what portion of the 40 acre tract the 13 acres excepted lie; nor is there any showing that any particular 13 acres was ex-

cepted from the operation of the tax deed. See Dickinson v. Arkansas City Improvement Co., 77 Ark. 570, 92 S. W. Rep. 21, 113 Am. St. Rep. 170.

The complainant has not shown title in himself, therefore he is not entitled to the relief granted to him.

The decree is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.