GEORGE H. HUBERT, *Appellant,* v. CITY OF VERO BEACH, *Appellee.*

Division B.

Opinion Filed February 19, 1927.

An Appeal from the Circuit Court for Indian River County; Elwyn Thomas, Judge.

Affirmed.

*Chas. A. Mitchell,* for Appellant;

*James T. Vocelle,* for Appellee.

1. The time warrants contemplated by Chapter 11262, Act of 1925, include evidences of indebtedness.

2. "Time Warrants" are not the ordinary warrants used in the payment of claims duly audited and allowed against municipalities and other governmental subdivisions and the State.

3. Time Warrants as indicated are "certificates of indebtedness" within the meaning of the Bond Validating Act, Section 3296 *et seq.,* Revised General Statutes, 1920.

WHITFIELD, P. J.—In proceedings brought under the statute the Circuit Court validated $15,000.00 of time warrants of the City of Vero Beach, Florida, in the following form:

"UNITED STATES OF AMERICA

"CITY OF VERO BEACH, FLORIDA

"TIME WARRANT

"(ISSUE T. W. 12)

"No...............                        $1,000.00

"THE CITY OF VERO BEACH, FLORIDA, for value received hereby promises to pay to the bearer the sum of
ONE THOUSAND DOLLARS
($1,000) on the 15th day of December, 1927, with interest thereon at the rate of eight per cent per annum, payable semi-annually; both principal and interest payable at the office of the United States Mortgage & Trust Company, New York, N. Y.

"This time warrant is issued under and by authority of Chapter 11262 of the Laws of Florida, and an ordinance of the City of Vero Beach, Florida, duly adopted; and it is hereby certified that every requirement of law relating to the issue hereof has been duly complied with and that this time warrant is within every debt and limit prescribed by the Constitution and laws of the State of Florida.

"IN WITNESS WHEREOF, The said City of Vero Beach has caused its seal to be hereto affixed and this time warrant to be signed by its Mayor, countersigned by the President of its City Council and attested by its Clerk, this 15th day of December, 1926.

..................................
                                        Mayor

Attest:................................
            City Clerk
                    Countersigned:

..................................
            President of City Council."

(Corporate Seal)

The proceeds from the sale of the time warrants are "to be used for the purpose of opening, constructing, repairing and maintaining the streets and sidewalks of said City of Vero Beach, Florida."

On appeal it is contended that the charter statute does not authorize the issue of such time warrants and that the

statutes, Section 3296, *et seq.*, Revised General Statutes, 1920, does not authorize the validating proceedings.

Section 75 of the Charter Act of the City of Vero Beach, Florida, Chapter 11262 of the Special Acts of 1925, is as follows:

"Sec. 75. The City Council is authorized to issue and sell interest-bearing time warrants, bearing interest at a rate not exceeding eight per cent per annum, to an amount not exceeding $25,000 in each year. The City Council shall prescribe the form, denomination and date of maturity of such warrants. The City Council may sell such warrants at private sale, provided they are not sold for less than par, or said warrants may be sold to the highest bidder after advertisement for four successive weeks in a Vero Beach, Florida, newspaper, at not less than ninety-five cents on the dollar.

"The time warrants provided for herein shall not be issued so as to increase the indebtedness of said City as composed of bonds and outstanding time warrants, to more than twenty-five per cent of the assessed valuation of the taxable property of said City.

"The proceeds of the warrants provided for herein shall be used for the purpose of repairing and maintaining electric light works and extending the electric light system; for the purpose of repairing and maintaining the sewerage system; for the purpose of opening, constructing, repairing and maintaining the streets and sidewalks; for the purpose of maintaining public parks and promenades; for the purpose of maintaining a fire department; for the purpose of repairing and maintaining public buildings; or for the purpose of refunding any indebtedness of said City.

"The City Council shall assess and levy a tax upon the taxable property in said City for the purpose of obtaining interest and raising a sinking fund for the payment of the

time warrants provided by this Act, which tax shall be levied, assessed and collected annually in the same manner as other taxes.''

The time warrants contemplated by the statute include evidences of indebtedness in the nature of the form above set out. ''Time warrants'' are not the ordinary warrants used in the payment of claims duly audited and allowed against municipalities and other governmental subdivisions and the State.

The statute authorizes the special proceedings for validating ''bonds'' and ''certificates of indebtedness.'' The time warrants as above stated are certificates of indebtedness within the meaning of the validating Act. See Denver v. Home Sav. Bank, 236 U. S. 101, 35 Sup. Ct. Rep. 265.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.