JOE JACKSON, *Appellant,* vs. TOWN OF WHITE SPRINGS, a municipal corporation, *Appellee.*

138 So. 629.

En Banc.

Opinion filed December 11, 1931.

C. A. *Avriett,* of Jasper, for Appellant;

F. B. *Harrell,* of Jasper, for Appellee.

PER CURIAM.—Appellee, Town of White Springs, a municipal corporation, as complainant below, filed its bill of complaint against Joe Jackson, the Appellant, and others, for the foreclosure of certain city tax liens which had accrued to the municipality under its charter for unpaid real and personal property taxes.

The complainant made a part of its bill and introduced in evidence a copy of the city assessment roll prepared under the terms of the city's special legislative charter, Chapter 5368, Acts of 1903, as amended by Chapter 9114, Acts of 1921.

By the terms of this special charter, taxes due the city are a specific lien upon the property upon which assessed, and taxes on personal property are a lien upon the real estate of the owner of such personal property. The latter provision is similar to our law as to State and county taxes which likewise makes unpaid personal property taxes an enforceable lien against the taxpayer's real estate. See Sections 913 C. G. L., 711 R. G. S.

The bill alleges that the defendant, Jackson, became liable for the taxes claimed to be due and supported the allegations by attaching to the bill and making a part of it, a copy of the assessment roll of the city showing the assessments made as to both the real estate and personal property. It also sets up that such taxes have never been paid and that under special authority of law, the city has the right to enforce such taxes by foreclosure in which both the taxes and the costs and expenses of suit, may be recovered.

Final decree was entered, a sale under foreclosure ordered and held, and thereafter confirmed, whereupon the appeal now before the court was entered.

The decrees appealed from should be affirmed on authority of Trust Company of Florida v. City of Tampa, decided at the present term (opinion filed November 20, 1931) wherein this Court held: that a pleading in equity to enforce a tax assessment against a delinquent taxpayer is only required to allege ultimate facts which will warrant the relief sought, and that a copy of the assessment roll, attached to and made a part of the bill of complaint for foreclosure of the tax lien, which shows a sufficient description of the property to comply with the law governing the

preparation of the assessment roll to warrant the collector in collecting the tax and in issuing his receipt for the tax money represented thereby which would have discharged the tax lien so as to bar a subsequent re-assessment of the property for taxes for the same year, is sufficient to sustain the right to foreclosure.

Decree appealed from affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.