R. L. DIXON and MARGARET A. DIXON, his wife, and all persons who are owners of, have any interest in, or right to, or liens on the real estate hereinafter described, (except as tenants), and the real estate hereinafter described, *Appellants,* vs. CITY OF COCOA, a municipal corporation, *Appellees.*

143 So. 748.

Division A.

Opinion filed September 30, 1932.

*John D. Shepard,* for Appellants;
*Fleming & Snow,* for Appellee.

BUFORD, C.J.—The City of Cocoa filed suit to enforce

an alleged lien for unpaid taxes for the years 1928 and 1929. The bill alleged that the lands were assessed in the name of the owner and that the description and assessment on the assessment roll was as follows:

|  |  | Amount of | |
| "Owner | Description | Valuation | Taxes |
| R. L. Dixon | All of lot 6, Robert Dixon's Homestead, ex. to E. C. Johnson and Fairview Land Co. | $45,000 | $585.00" |

There was a demurrer filed to the bill of complaint. By the demurrer the questions were raised as to whether or not the description used in the assessment roll was sufficient and whether or not the complainant stated a case under which it could have the relief prayed. The bill alleges that the lands sought to be assessed are described as follows:

"All of lot No. 6 of the Subdivision of Robert Dixon's Homestead, as shown by a plat of said subdivision recorded in the public records of Brevard County, except that portion of said lot conveyed to Fairview Land Company, now owned by Crest View Inc., (the same lying on the south side of said lot 6, and being a strip clear across said lot from east to west, the north and south lines being parallel, and the western line of which is 249.26 feet) and except that portion conveyed to E. C. Johnson (lying immediately north of the Fairview Land Company tract and being a strip clear across said lot from east to west, the north and south lines being parallel, and the western line of which is 117.48 feet) said land being portions of section 20 and 21, township 24 south, range 36 east, and being in the City of Cocoa, Brevard County, Florida, excepting therefrom the right of way of the Florida East Coast Railway and the right of way of New Dixie Highway."

The bill prays foreclosure of its lien as against the lands so described. A comparison of the two descriptions shows clearly that the description used in the assessment roll is

entirely inadequate. The description is no more definite than it would have been read:

|                    |                 | Amount of |         |
| "Owner             | Description     | Valuation | Taxes   |
| R. L. Dixon        | Part of Lot 6   | $45,000   | $585.00" |

The bill does not allege that anything appears on the Tax Roll which clarifies or make more definite the description. The description contained in the Tax Roll would not be sufficient to protect the lands from reassessment under the description which is set forth in the bill as a correct description of the lands. The description neither describes the land so it may be located by reference thereto nor as is required by Section 718 R. G. S. 1920, 920 C. G. L. 1927, which provides in part:

> "that when private surveys of land or descriptions by metes and bounds have taken the place of government surveys, and the land is known, designated and described only by such private surveys or metes and bounds, the description in the assessment shall be made in accordance with such surveys or descriptions as recorded in the office of the clerk of the circuit court, or by reference to deed of record, giving the book and page as appears in the office of the clerk of the circuit court."

See Johnson v. Benbow, 93 Fla. 324, 111 South. Rep. 504.

The assessment is invalid because of insufficiency of the description. Gruson v. Furman, 22 Fla. 581; Miller v. Lundstrum, 45 Fla. 473, 33 South. Rep. 521; Porter v. Key West, 69 Fla. 357, 69 South. Rep. 175; F. E. C. Ry. Co. v. Mitchell, 80 Fla. 291, 85 South. Rep. 661.

As the description is invalid the complainant was not entitled to a decree of foreclosure as against lands described otherwise and which may be, so far as the assessment roll shows, either the same or some other lands.

The description in the assessment roll here under consideration refers to no other deeds or records which may be looked to for the purpose of aiding the description. In

Jarrell v. McRainey, 65 Fla. 141, 61 Sou. 240, this court held:

"greater strictness is required of the description of the land contained in a tax deed than in voluntary deeds. The land must be described with such accuracy that with ordinary and reasonable certainty the land sold can be ascertained and identified. A tax deed is void for uncertainty in which the land is described as 'lot 3 and the northeast quarter of the northwest quarter less seven acres (lot 3, and N. E. ¼ of N. W. ¼ less seven acres) of Section five (5), Township forty-eight (48), Range four (4) West': 2 Devlin on Deeds (3rd ed.) Sec. 1405; Johnson v. Ashland Lumber Co., 52 Wis. 458, 9 N. W. Rep. 464; Alleman v. Hammond, 209 Ill. 70, 70 N. E. Rep. 661; Green v. McGrew, 35 Ind. App. 104, 72 N. E. Rep. 1049; 73 N. E. Rep. 832; 111 Am. St. Rep. 149. The description of property in a tax deed must be certain in itself, or at least capable of being made certain by matters referred to in the deed itself as relating to the description, and evidence *aliunde* not referred to in the deed cannot be used to ascertain the land intended to be conveyed. See Power v. Bowdle, 3 N. Dak. 107, 54 N. W. Rep. 404, 44 Am. St. Rep. 511; Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53."

The order overruling the demurrer should be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.