JOHN SCHOUTEN, *et ux.*, Appellants, v. FRANK E. HUNT, Appellee.

200 So. 923
Division A
Opinion Filed March 11, 1941

*Rothar & Kalback,* for Appellants;

*Stapp, Ward & Ward* and *James E. Hunt,* for Appellee.

ADAMS, J.—Appellee filed suit in equity to quiet and perfect his title to Tract Five (5), Section 25, Township 53 South, Range 40 East, containing ten acres more or less, according to the Florida Fruit Lands Company's subdivision map 1 filed in the office of the Clerk of the Circuit Court of Dade County, Florida, and recorded in Plat Book 2, at page 17 of the public records of Dade County, Florida, and also to remove as a cloud a tax deed held by appellant containing a description of Tract 5 in Section 25, Township 53 South of Range 40 East, containing 10 acres, more or less, in County of Dade, State of Florida.

We first consider the sufficiency of the description in the appellant's tax deed.

This Court has long been committed to the rule that: "It is well settled in this jurisdiction that the description of property in a tax deed must be certain in itself or at least capable of being made certain by matters referred to in the deed itself as relating to the description, and evidence aliunde not referred to in the deed can not be used to ascertain the land intended to be conveyed. See Jarrell v. McRainey, 65 Fla. 141 and 144, 61 Sou. 260; Dixon v. Cocoa, 106 Fla. 855, 145 Sou. 748." J. C. Newsom v.

Belle Mead Development Corporation, *et al.,* 131 Fla. 143, 179 So. 160.

It is apparent from the description quoted above that the deed is void. The plaintiff's own evidence shows that to locate the land he would be required to refer to the plat in evidence. The plat was no part of the deed by reference or otherwise.

Considering the entire record in the light of the above rule we find the description inadequate.

All other questions raised by appellant relate to findings of fact by the master and sustained by the chancellor. Sufficient showing has not been made to warrant us in disturbing such findings. Finding no error in the record the decree is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, J. J., concur.