G. P. SMYTHE, R. M. BEALL, *et al.*, as Statutory Trustees, etc., v. CITY OF BRADENTON, a Municipal Corporation.

4 So. (2nd) 694

En Banc

Opinion Filed November 14, 1941

Rehearing Denied December 9, 1941

462

*G. P. Smythe,* for Appellants;
*Blakey & Daniel,* for Appellee.

BUFORD, J.—From decree foreclosing tax liens, defendant appeals.

Appellants' first contention is that because c. 9692, Special Acts of the Legislature of 1923, being the Charter Act of the City, in Sec. 58 thereof provides:

"Under this chapter the fiscal year shall begin the 1st day of July and end the 30th day of the subsequent June of each year, beginning with the year A. D. 1923.", and it appears from the tax rolls that the taxes for which the alleged liens accrued were assessed for the years 1929, 1930, 1931 and 1932 and so on until and including the year 1938, the assessment is contrary to the provisions of Sec. 3, Art. IX of our Constitution and, therefore, void, the contention being that such assessments were for calendar years and not for the fiscal year as defined in the charter. The contention is without merit. Under the terms of the charter the first fiscal year thereunder began from July 1, 1923. If years referred to in tax rolls are fiscal years, then the designation in the roll as the tax roll for 1923 was sufficient to identify it as the assessment roll beginning July 1,

1923, and a like designation of the tax rolls for the subsequent years were sufficient. When the tax roll showed the assessment for the year 1929 it must be taken to have meant the tax year 1929, which when read with the charter provisions, *supra*, might have been construed to mean that period beginning July 1, 1929, and ending June 30, 1930, if there had been any ordinance enacted rendering such construction necessary.

There is nothing in the record here to show that the assessment rolls were ever applied to the fiscal year as fixed in the charter. Whether or not the roll for 1923 was authorized is not before us for determination. The roll for 1923 not being specifically authorized for that part of such year remaining after the enactment of c. 9692, *supra,* might have presented a serious question.

There is, however, a provision in the charter that the assessment roll shall be prepared substantially in accordance with the laws of Florida governing state and county assessments.

It seems to us there is no inconsistency between the provisions of the charter with reference to the fiscal year and recognition by the city of a tax period corresponding with the calendar year. The fiscal year of the state by the provisions of Sec. 1343, C.G.L., 1927, begins on the first day of July and ends on the 30th day of June, and under Sec. 2305 C.G.L., 1927, the fiscal year of the counties commences on the first day of October and ends on the 30th day of September, although all property is subject to taxation for state and county purposes on the first day of January of each year.

It is significant that state and county taxes assessed

for the calendar year become delinquent on April 1, and that the City charter, c. 9692, *supra,* contains the provisions that if the taxes are not paid in the city before the first Monday in April, "or by such further time as the council may have granted for the payment of taxes" machinery of the city is set in motion for enforcing collection.

It is next contended that the description as contained in the assessment roll is too vague and uncertain to constitute a basis for the assessment. The description shows "City of Bradenton, Florida, Real Property Assessment. Descriptions of lands in Section ........ Township 34 South Range 17 East, Lots 1, 2, 3, Blk A, of Smith's Add. and fill on N to Blvd." It is not shown that this is not a proper description of property subject to taxation in the City of Bradenton, Florida.

In fact, the defendant Smythe during the trial identified the property in propounding a question to a witness in the following language:

"Are you acquainted with a piece of property on the waterfront north of the Manatee River Hotel, and described as Lots 1, 2 and 3, Block A in the Smith Addition, and fill on North to the boulevard?"

The next contention is that the court erred in overruling the motion to dismiss and in referring the cause to a Master to take testimony, the contention being that the bill is without equity. We have examined the bill of complaint and, while it is not voluminous, it sufficiently states the ultimate facts to warrant the relief prayed. It meets the requirements of such a bill under the rule enunciated in the case of Trust Co. of Fla. v. City of Tampa, 103 Fla. 628, 138 Sou. 629.

Next, appellant contends that the court committed reversible error in denying motion to strike parts of the testimony. The order of the motion to strike appears as follows:

"The foregoing cause coming on this day to be heard upon defs. Motion to strike and the same having been argued by counsel for the respective parties and duly considered by the Court, it is ordered that said Motion be denied for the reason that the objection is too broad, there are in fact several questions which are not material and elicit matters that cannot be considered in this cause."

"It is further ordered that this cause be set for final hearing Sat. Morning April 5, 1941, at 10:00 A. M.

"Done and Ordered at Chambers this 29th day of March A. D. 1941."

We have considered the contents of the Motion to strike in connection with the record and find no reversible error made to appear.

Another contention raises the question of whether or not a municipality may employ appraisers to appraise the real estate and report on the same and thereby assist the assessing officer in arriving at the proper evaluation of real property for assessment purposes. Of course, it is the contention but this is not borne out by the record. The figures presented by this committee or board employed for that purpose may have been adopted by the Assessor as the best available evidence of the value of the property. There is no showing in the record that the property owners here involved filed any objection to the assessments as made. In fact, the record is rather convincing that the owners simply relied upon their opinion as to the invalidity of assessments based upon the grounds of

appellants' first contention herein discussed and thereupon proceeded for a period of ten years to ignore the municipal tax assessments.

On the whole record, no reversible error is made to appear and the decree appealed from should be and is affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., dissents in part.

BROWN, C. J., dissenting in part.—I do not think the description of the property, as shown by the assessment roll, is legally sufficient. See Dixon v. City of Cocoa, 106 Fla. 855, 143 So. 748; Crawford v. Rehwinkle, 121 Fla. 449, 163 So. 851; Newsom v. Belle Meade Development Co., 131 Fla. 143, 179 So. 160; Gautier v. Town of Crescent City, 138 Fla. 573, 189 So. 842. Otherwise I concur in the opinion.