**W. H. MITCHELL v. R. L. MOORE**

13 So. (2nd) 314                                    January Term, 1943
May 4, 1943                                         En Banc

*Chas. H. Crim,* for appellant.
*Miller & Fitzsimmons,* for appellee.

BROWN, J.:

The tax deed here involved conveyed to appellee certain land in Broward County, Florida, described as follows: "Tract 38 Less Road Blk. 85, Palm Beach Farms, containing 11.25 acres, more or less."

In this ejectment suit, brought against the grantee in the tax deed, who had been in actual possession of the land thereunder for several years, the learned trial judge was of the opinion that the description in the tax deed was insufficient, and he refused to admit it in evidence as a muniment of title, but later admitted it as color of title. Our view is that the description was legally sufficient to make the deed as muniment of title, and that the court's error in that regard was harmless error, as the verdict and judgment were in favor of the tax deed holder. However, there is an important question involved here. As we see it, if, as the trial court held, the *description* was fatally defective, then the tax deed was not admissible in evidence even as color of title, either under general principles of law, or under Section 4655 or Section 1020 C.G.L.

To be effective as color of title, an instrument must purport to convey the land involved. Therefore a legally suffi-

cient description of the premises in the instrument relied upon as color of title is necessary. If the description does not identify the land with the degree of certainty essential to ascertain the boundaries and identity of the land, the deed or other instrument lacks one of the first essentials of color title. Of course, the deed or the instrument offered as color of title may be vitally defective as a conveyance of title because of want of title in the grantor, etc., but if it contains a proper description of the premises, a description by which the property may be identified, it may be relied upon as color of title, See 1 Am. Jur. 906, Sec. 203 and numerous cases cited thereunder. Among the cases cited is the case of Brannan v. Henry, 142 Ala. 698, 39 So. 92, 110 Am. St. Rep. 55. That was a case involving a tax deed and in the opinion of the Alabama Supreme Court it was said:

"The insistence of the appellant is that a deed may be void, and yet be admissible in evidence to show color of title. This insistence is amply supported by authority, and many of the deeds which have been held by this Court to operate as color of title were void tax deeds. (Citing numerous cases.) The above rule, it seems is subject to this qualification: that, if the deed offered is void because of the uncertain and indefinite description of the land conveyed, such a deed would not convey color of title, and possession under it would be limited to 'possessio pedis.' This exception is supported by reason and authority. Black v. Tennessee Coal, Iron & Railroad Co., 93 Ala. 109, 9 South. 537; L. & N.R.R. Co. v. Boykin, 76 Ala. 566."

Our court reached practically the same conclusion in Day v. Benesh, 104 Fla. 58, 139 So. 448.

It might be noted that the language of Section 1020 C.G.L. is in line with the authorities above cited. That Section begins as follows: "When the holder of a tax deed goes into actual possession, occupancy and use *of the land embraced in such tax deed,* and so continues for a period of four years, no suit for the recovery of the possession thereof shall be brought by a former owner or other adverse claimant," etc. Nor is there anything in Section 4655 C.G.L. which is in conflict with the above authorities. Indeed the language of that

section refers to color of title in this language: "upon a written instrument as being a conveyance *of the premises in question*, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the premises included in such instrument, decree of judgment for seven years, the premises *so included* shall be deemed to have been held adversely;" etc. (Italics supplied.)

But we do not think the description in this tax deed is void for uncertainty. The cases of Brickell v. Palbicke, 123 Fla. 508, 167 So. 44; Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439 and Brickell v. Graves Inv. Co., 150 Fla. 785, 9 So. (2nd) 733, are not, in our opinion, in point here. There is a vital difference in the descriptions involved. And in the case of Dixon v. City of Cocoa, 106 Fla. 855, 143 So. 748, the description contained in a bill to enforce a tax lien was merely this: "All of lot 6, Robert Dixon's Homestead, ex. to E. C. Johnson and Fairview Land Co." This description was held insufficient and void, and we think correctly so. The case of Newson v. Bellemeade Dev. Corp. 131 Fla. 143, 179 So. 160 dealt with another description in a tax deed which was inherently defective, and so much so that it could not be aided even when applied to extrinsic facts. The holding that the description in the tax deed was fatally insufficient was based upon a well considered opinion by the present Chief Justice. In the case of Schouten v. Hunt, 146 Fla. 360, 200 So. 923, the description in the tax deed there involved merely referred to:

"Tract 5 in Section 25 Township 53 S of Range 40 E., containing ten acres more or less." There was no reference by name or otherwise to any plat, so as to explain what "Tract 5" referred to, and the government survey did not show any such tract. This description was held insufficient and in the opinion of Mr. Justice ADAMS in that case it was said that: "The description of property in a tax deed must be certain in itself or at least capable of being made certain by matters referred to in the deed itself as relating to the description," etc. The case of Smythe v. City of Bradenton, 148 Fla. 461, 4 So. (2nd) 694, gave a somewhat more liberal interpretation

of a description of an assessment on a municipal assessment roll. The appeal in that case was from a decree foreclosing certain tax liens based on assessments as shown by the City assesment roll, which decree was affirmed. The description was "City of Bradenton, Florida, real property assessment. Description of lands in Sec. ......, Township 34, S. Range 17 E., Lots 1, 2, 3, Blk. A, of Smith's Add. and fill on North to Blvd." That was not an ejectment suit, and furthermore the court held that the defendant himself, in propounding a certain question to a witness, identified the property by that description.

In the case of Day v. Benesh, 104 Fla. 58, 139 So. 448, this Court upheld as being sufficient the following description in a tax deed; "Situated and being in the County and State aforesaid, and described as Lot 10, Blck. 207, Lake Worth, containing ...... acres more or less."

The former parts of the deed preceding the above description alleged that the property was situated in Palm Beach County, State of Florida.

Both the bill and the answer in that case described the property as "Lot 10 in Blk 207 of the townsite of Lucerne (now known as Lake Worth) according to the plat thereof on file in the office of the clerk of the Circuit Court," etc.

The opinion of the court in that case was prepared by Commissioner Andrews, now United States Senator Andrews, and was concurred in by all the members of this Court. In the opinion it is said: "There is no reference in the tax deed to any recorded plat or map, but the description does indicate that the land is included in a survey as it is designated as 'Lot 10, Blk. 207, Lake Worth, in Palm Beach County, Florida, and the same as the former townsite of Lucerne.'" There was evidence in the case showing that the former townsite of Lucerne was then known as Lake Worth. In a well considered opinion this Court arrived at its conclusion that the description was sufficient and upheld the validity of the tax deed.

It will be noted that the description in that case and in the case now before us are quite similar. In that case the description was: "Lot 10, Blk. 207, Lake Worth, containing ......

acres more or less." Here the description is: "Tract 38, less Road, Blk. 85, Palm Beach Farms."

In each instance there is a different lot and block named and in each instance there is a reference to a named subdivision, but no reference to the plat book and page where the plat of the named subdivision is recorded.

In the opinion in the Day v. Benesh case it was said: "The general rule is that a deed is not void for uncertainty (1) if the description is such as will enable a surveyor to ascertain and locate the land, (Boley v. McMillan, 66 Fla. 159, 63 So. 703), or (2) if it is possible to ascertain and identify the land intended to be conveyed. Ansley v. Graham, 73 Fla. 388, 74 So. 505."

In a recent case upholding the validity of a tax deed, Comi v. M. & M. Corp., 148 Fla. 422 (2nd) 389, this Court speaking through Mr. Justice ADAMS; referred to the rule laid down in Jarrell v. McRainey, 65 Fla. 149, 61 So. 241, to the effect that greater strictness is required in the description of the land contained in a tax deed than in voluntary deeds, but added this significant paragraph:

"Much liberality is indulged in favor of descriptions with the view of upholding deeds and giving effect to the manifest intent of the parties. 8 R.C.L. 1071. Mere clerical errors will not vitiate a deed where the intent of the parties can be ascertained. 26 C. J. 221. The purpose of a description is to afford the means to identify the land conveyed. The language, numerals and abbreviations in the description should be construed with the view of making the conveyance effectual."

Thus we have gradually departed from the rule laid down in our earlier decisions, to the effect that a greater degree of strictness should be observed in passing upon the sufficiency of the descriptions in tax deeds than in ordinary deeds *inter partes,* and we are of the opinion that this departure is justified. The same rules of construction as to the sufficiency of descriptions should apply to both classes of deeds. Why should the grantee in a deed from the Sovereign State of Florida be made to occupy a more insecure position than the grantee in a deed from a private citizen? This Court should

not place such a strained construction upon description in tax deeds as to defeat the plain intent of the tax deeds where, by applying the rules of law relating to descriptions in ordinary deeds, it is made clear that the description is one by which the identity of the land can be established.

In 18 C. J., at pages 180-181, it is said:

"The office of a description is not to identify the land but to afford the means of identification, and when this is done it is sufficient. Generally, therfore any description is sufficient by which the identity of the premises can be established or which furnishes the means of identification. A conveyance is also good, if the description can be made certain within the terms of the instrument, for the maxim, Id certum est quod certum reddi potest, applies. So a description from which a surveyor can locate the land is good. A deed will not be held void for uncertainty of description if by any reasonable construction it can be made available. Extrinsic facts pointed out in the description may be resorted to to ascertain the land conveyed, and the property may be identified by extrinsic evidence, as in the case of records of the county where the land is situate."

See also 26 C.J.S., 357 et seq. In Andreu, v. Watkins, 26 Fla. 390, 7 So. 876, we held that:

"What the boundaries of land as actually given by a deed are, is a matter of law to be ascertained from the meaning of the deed; where they are, is a question of fact, and to show this or apply the description to its subject-matter, parol testimony is admissible."

In this case the land described is a numbered tract in a definite block of a named and platted subdivision. The numbers of the tract and block are given and the name of the subdivision as commonly known is also given. It is true that appellant's engineer-witness testified that he could not locate the land from the description, but the reason that he gave, as we understand his testimony, was that the correct name of the platted subdivision as recorded was "The Palm Beach Farms Company's Plat." But in view of the fact that the record as a whole shows that this was a well known subdivision and that it was usually referred to as "Palm Beach

Farms" we do not think that the omission of the other really superfluous words could change the meaning or lead to any result contrary to that which the description itself plainly intended. Our view is that the language used was sufficient to enable one to find the recorded plat of these lands.

The deed to the former owner also covered Tract 38, Blk. 85, according to "The Palm Beach Farms Co." plat No. 3, giving the book and page of the record, but that deed gave the area of the tract as containing 12.16 acres more or less, whereas the description here is "Tract 38, less road, Blk. 85, Palm Beach Farms, containing 11.25 acres more or less." This difference in acreage is apparently accounted for by deducting from the area of the original tract the strip of land covered by the road. The words "Less Road" do not render the description fatally uncertain. The evidence in this case shows that the West Dixie Highway had been constructed across the N. W. corner of this tract 38, and this doubtless accounts for the difference in acreage, as well as for the inclusion of the words "Less Road."

A road is a very definite physical entity and the use of these words, "Less Road," should not confuse any good surveyor who looked at the plat and then went out and looked at the land itself.

This question, however, is settled conclusively by the decision of this Court in the case of Palbicke v. Takami, 112 Fla. 629, 151 So. 287. That was a case where a bill was filed to foreclose a tax deed. The description of the land in the tax deed was: "Lot 3, (except R. of W.) Blk 13, Pablo Beach North." With respect to this exception contained in the description this Court said:

"It was also contended that the description contained in the deed as follows: 'Lot three (3) (except R. of W.) Block Thirteen (13) Pablo Beach North' is void for uncertainty. There is no showing in the record as to what the letters in parenthesis, 'Ex. R. of W.,' mean and, as the description is a perfect description without these letters in parenthesis, we cannot say that the description is void for uncertainty. It is ambiguous only and the ambiguity may be cured either by reference to proper records or by the showing of an existing

physical condition. It might be shown that these letters in parenthesis refer to a right of way that exists on the ground. If, as a matter of fact, there is a right of way located on the ground, its location may be definitely determined and the deed be held not to include such right of way. The description is loosely drawn but, we think, not fatally defective."

There is an old general rule that where there is any inconsistency between distances stated and the actual location as shown by monuments on the ground which are referred to in the description, the monuments will control the distances. A road might well be considered as being a monument on the ground, and in this case the road happens to be, as a matter of fact, a well known State Highway. See Andreu v. Watkins, supra.

Our conclusion is that this tax deed was valid on its face and not having been shown by the record to have been otherwise invalid for any of the other reasons advanced, by appellant, on this appeal the verdict and judgment below in favor of the defendant, appellee here, should be and is hereby affirmed.

BUFORD, C. J., TERRELL, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.