ALICE B. WILLIAMS v. JOE R. WILLIAMS, as Administrator, et al.
15 So. (2nd) 298                                                    June Term, 1943
October 12, 1943                                                      Division B

*M. A. Rosin,* for petitioner.
*W. W. Whitehurst,* for respondents.

THOMAS, J.:

Suit was brought by appellees seeking a decree declaring that a certain tax certificate "describes, affects and relates to lots 47 to 77, inclusive, in block 1 of George S. Williams Addition to the City of Wauchula, and that the same does not relate to, affect, or create any lien upon . . . lots 47 to 77, inclusive, Block 2, of George S. Williams Addition to the City of Wauchula." We have given the descriptions in full so it may be noted that they are identical except the designation of the block.

As support for this prayer, it was alleged that the tax assessor had for many years, beginning as early as the year 1922, assessed the lots according to the latter description, but that in 1927 (the year for which the certificate in question was issued) "said lands were completely omitted." It was averred, too, that the tax records for that year originally showed the parcels situate in block 1, but "now show, or pretend . . . to show that the said tax sale certificate is a valid . . . lien upon said lots [in block 2] and the record of said tax sale has been changed from Block 1 to Block 2 . . ."

The defendant answered, setting up, in substance, that reference to the block was superfluous because in the subdi-

vision there were no lots numbered 47-77 in block 1; or any other block save that numbered 2, and asking for foreclosure of her lien.

Summarizing, appellees contend that when the lots were described in the roll and certificate as being in block 1, though actually located in block 2, there was in fact no assessment or lien; appellant insists that all the description except the block number having been correct and no lots of the numbers given having been included in any other than block 2, the designation of the block was unimportant, the defect harmless.

That there was an error cannot be denied; that it was of any consequence can be seriously questioned. The property had been owned by appellees, or those whom they represent or succeed, for many years, and it is fair to assume that they were entirely familiar with the subdivision. The then owners knew that they were entirely familiar with the subdivision. The then owners knew that no taxes were paid in 1927; as well that the property was subject to assessment for that year. They could not have safely assumed the lots sold in 1928 were not theirs, but were in another block when lots of the same numbers did not appear in any other block. They brought their suit fifteen years later.

References to plats in descriptions have always been approved and when they appear, the map or plan mentioned becomes a part of the instrument. We do not dwell on the fact that no allusion to the record of a plat is present in the description we have quoted, because in their bill appellants have stated, after referring to "George S. Williams Addition," that "said lands were legally subdivided into lots and blocks and a plat thereof was prepared, made, executed and filed in the manner and form required by law to properly evidence the legal subdivision of said lands into lots and blocks and said plat was filed and made a matter of record in the office of the Clerk of the Circuit Court of Hardee County. . . ."

In all the circumstances reflected in the pleadings, it is difficult to see how a stranger could have been misled or confused, much less the appellees. Were any person, interested in the transaction under scrutiny, to have examined the map of George S. Williams Addition to Wauchula, he would

have immediately been confronted with the information that lots in it numbered 47-77 lay in block 2. If the plat was to be given any efficacy at all, one consulting it could have reached no conclusion except that the block number was patently erroneous. On the copy of the certificate attached to the answer, there appears the affidavit of the tax collector that the mistake was "typographical."

It should be noted here that in Mitchell v. Moore, 152 Fla. 842, 13 So. (2nd) 314, we revised the rule with reference to the sufficiency of descriptions in tax procedure and eliminated the distinction once existing between designations there and in "ordinary deeds."

It will be recalled that appellees sought to have the title to their property freed of any cloud by reason of the certificate and to have it declared a lien on lands obviously non-existent; that appellant prayed for foreclosure of her lien. We cannot but speculate on the result of a decree in complainant's favor. On the theory that the property was omitted in 1927, the share of the tax burden allotted to it would be avoided. The defendant although holding a certificate would be left with a lien which could not be enforced while the amount paid would have found its way into the public treasury. The one would have escaped a tax burden; the other who bore it would have no hope of recovering in another suit and no reimbursement is offered here. The prospect does not commend itself to the sympathetic consideration of a court of equity and we feel impelled to grant certiorari and quash the orders striking the answer and counterclaim.

It is so ordered.

BUFORD, C. J., BROWN, and SEBRING, JJ., concur.