**LYONS et al. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION. NEWMAN et al. v. SAME. TAYLOR v. SAME.**

(Circuit Court of Appeals, Fifth Circuit. January 19, 1922.)

Nos. 3728, 3737, 3745.

1. **Injunction ⬅️118(1)—Bill to enjoin unlawful acts of striking employees held sufficient.**

A bill for an injunction alleged that complainant owned and operated in interstate and foreign commerce a large number of steamships and tugs; that defendants, who had been employees of complainant in such operation, quit work on an announced reduction of wages, and since then had intimidated, threatened, assaulted, and beaten persons employed by complainant to take their places and in many instances had compelled them by violence to cease work. *Held*, that such bill described the property and property rights sought to be protected with sufficient particularity, under Act Oct. 15, 1914, c. 323, § 20 (Comp. St. § 1243d).

2. **Exceptions, bill of ⬅️38—May be signed after allowance of writ of error, if during term.**

If a bill of exceptions is signed during the term at which the case was tried, it is not subject to objection in the appellate court on the ground that it was signed after the writ of error was sued out.

3. **Appeal and error ⬅️1046(5)—Statement in instructions, though not based on evidence, held without prejudice.**

In proceedings for contempt for violation of an injunction, where defendants were tried to a jury, a statement in the instructions that notice of the injunction had been published in the daily papers, though no proof of such fact was introduced, *held* not prejudicial, where defendants, though testifying in their own behalf, made no claim that they were ignorant of the injunction.

In Error to and Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by the United States Shipping Board Emergency Fleet Corporation against Dan Lyons and others. From an order granting a preliminary injunction, defendants appeal. Affirmed. Frank Newman and others, and Robert B. Taylor, defendants, bring error from orders adjudging them in contempt for violation of the injunction. Affirmed.

W. J. Waguespack and Herbert W. Waguespack, both of New Orleans, La. (W. J. Waguespack, Jr., of New Orleans, La., on the brief), for appellants and plaintiffs in error.

Louis H. Burns, U. S. Atty., and W. J. O'Hara, Asst. U. S. Atty., both of New Orleans, La., for appellee and defendant in error.

⬅️For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. These three cases were argued and submitted together. In one of them is sought the reversal of a decree ordering the issuance of a preliminary injunction in a suit brought by the appellee, United States Shipping Board Emergency Fleet Corporation. In the other two cases orders of the court adjudging individuals in contempt for violations of the injunction issued in the first-mentioned case are complained of.

[1] The question of the sufficiency of the bill in the case in which the injunction was issued was not raised in the trial court. It is now contended that that bill was fatally defective, because it did not describe with particularity the property or property right sought to be protected by injunction, as required by the provisions of the statute as to injunctions in cases growing out of disputes concerning terms or conditions of employment. Section 20, Act Oct. 15, 1914, 38 Stat. 738 (Comp. St. § 1243d). That bill contained averments to the following effect: The complainant therein is and has been engaged in the business of operating steamships and tugs carrying interstate and foreign commerce, and of towing vessels laden with interstate and foreign commerce, and at the time of the filing of the bill had in the port of New Orleans approximately 85 steamships and 4 tugboats, all engaged in said commerce.

The defendants named in the bill prior to the filing thereof were employed by the complainant in operating its ships, or are identified with the employment of said former employees. After the complainant announced a reduction in the wages of all its employees in the engine, steward, and unlicensed deck departments, the defendants, who were previously employees of the complainant, voluntarily gave up their employment and/or have declined to return to work for complainant under the new wages. Complainant has been endeavoring to carry on its business since its former employees left its service. The men employed by the complainant in place of its former employees have been assaulted, beaten, threatened, and intimidated, and in many cases have been forced by violence to cease work on complainant's ships. Defendants and their sympathizers, by repeated acts of violence and repeated threats, have undertaken to intimidate and coerce complainant's employees and to prevent them from rendering their services to the complainant. Complainant's employees on two of its named ships were on stated dates forced to leave such ships by threats and violence of the defendants and/or their sympathizers.

The injunction granted against the persons named as defendants and other persons of names unknown forbade such unlawful conduct as was alleged in the bill. The averments of the bill clearly disclose that the ships and tugs used by the complainant therein in its alleged business and its right to carry on that business were the property and the property right sought to be protected by the relief prayed for. Those averments left no room for conjecture or surmise as to what was sought to be protected by injunctive relief. Nothing in the statute referred to indicates an intention to require greater particularity

of description than is involved in allegations which clearly make known to the court the property or property right subject to be prejudicially affected by alleged actual or threatened wrongful conduct which the court is asked to enjoin. We are not of opinion that the decree under which the injunction was issued is subject to be reversed on the above-mentioned ground.

[2] In one of the two cases involving an order made by the court in contempt proceedings for a violation of the injunction, there was a trial by jury pursuant to a demand by the persons proceeded against. Objection was made to the consideration of the bills of exceptions in that case on the ground that they were allowed and signed after the allowance of the writ of error. If a bill of exceptions is signed during the term at which the case was tried, it is not subject to objection in the appellate court on the ground that that was done after the writ of error was sued out. Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113.

The transcript in each of the contempt cases contains motions to quash and dismiss, filed in behalf of the persons proceeded against. Nothing in the record in either of those cases indicates that those motions were ruled on by the court or called to its attention. There is nothing before us to negative the conclusion that the hearings under the orders to show cause why the persons proceeded against should not be adjudged guilty of contempt for alleged violations of the injunction were entered upon and concluded without any objection to the sufficiency of the motions for such orders being made known to the court.

[3] The charge in the contempt case in which there was a trial by jury was to the effect that, while the injunction was in force, the parties proceeded against went in a named gasoline launch from New Orleans down the Mississippi river to a point where the steamship Hodnot, a vessel of complainant in the injunction suit, was tied up, and, going aboard that vessel, took, beat, and carried therefrom members of its crew to a place in New Orleans, and there assaulted and wounded said members of said crew, with the intent of intimidating them to abandon their employment as members of the crew of said steamship. An exception was reserved to a part of the court's charge to the jury, containing statements to the effect that, prior to the occurrence charged, notice of the injunction was published in the daily papers, which also contained accounts of the trial and conviction for violating the injunction of seven men who were members of the same union to which the persons proceeded against belonged. The ground stated in support of the exception was that no evidence had been adduced as to publication in newspapers of notice of the injunction or as to newspaper accounts of the trial and conviction mentioned.

Each of the persons proceeded against for contempt was a witness in his own behalf. No one of them denied knowledge of the injunction at the time of the alleged violation of it. So far as appears, a defense based on claimed ignorance of the injunction was not suggested during the hearing. Under the circumstances disclosed, it fairly may be inferred that the jury was not influenced in reaching the

verdict of guilty by the court's mention of unproved circumstances indicating the notoriety of the injunction, of which the persons proceeded against, who testified on the hearing under an order to show cause why they should not be adjudged guilty of contempt, did not claim to have been ignorant at and prior to the time of their alleged violation of it. The conviction under review is not subject to be reversed because of the court's statement which was excepted to, made under circumstances which negative the conclusion that the persons proceeded against were prejudiced thereby.

The charge given by the court contained correct and adequate instructions as to the presumption of innocence to be indulged in favor of the defendants and as to the burden and measure of proof required to warrant a conviction. This being true, the refusal of the requested charge dealing with those subjects was not a reversible error. The conclusion is that no reversible error was committed in any of the cases.

The judgments therein are affirmed.