## UNION INDEMNITY CO. v. VETTER.
### No. 5685.

Circuit Court of Appeals, Fifth Circuit.
May 6, 1930.

Manning W. Heard and J. C. Henriques, both of New Orleans, La., Francis M. Miller, John G. McKay, and James A. Dixon, all of Miami, Fla., for appellant.

Robert J. Boone, of Miami, Fla. (Jack R. Kirchik, of Miami, Fla., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from a judgment of the District Court of the United States for the Southern District of Florida in favor of plaintiff (appellee) against the Miami Real Estate & Building Company and the appellee (defendants) upon a verdict of a jury in the sum of $10,990. The action was brought on a bond executed by the defendants to secure the performance of a contract between the appellee and the Miami Real Estate & Building Company to construct an apartment in Coral Gables. The contract price was $35,000, of which $10,000 was paid upon the execution of the contract and bond. The contract provided for the payment of the total cost of labor done and 90 per cent. of the material furnished upon certificate of the superintendent each week during the progress of the work. Work was begun upon the building, and only one other payment was made the contractor. It was paid $15,000 January 2, 1926. The contractor continued the work until about March 6, 1926, and then abandoned it while incomplete. The appellee finished the building at his expense. The Miami Real Estate & Building Company never appeared, and was adjudicated a bankrupt.

There is a motion to dismiss the appeal, based on the absence of the Miami Real Estate & Building Company as a party to the appeal; there having been no summons and severance as to it. The Miami Real Estate & Building Company has entered its appearance in this court and has submitted itself to the jurisdiction of this court. In this state of the record the motion to dismiss the appeal is denied.

There is also a motion to strike the bill of exceptions from the record because it was presented and signed by the District Judge and filed with the clerk after the appeal had been sued out. The motion to strike is denied upon the authority of Lyons v. U. S. Shipping Board (C. C. A.) 278 F. 144–146 (Fifth Circuit).

On the Merits.

The appellant contends that the amended declaration was bad, and it was entitled to judgment because it showed a deviation of payments actually made by appellee

to the contractor from those prescribed to be made by the contract. The contract prescribed weekly payments of the total cost of labor done and 90 per cent. of the material furnished on certificate of the superintendent. Two payments in all were made; one of $10,000, when the contract was signed; one of $15,000 on January 2, 1926, thereafter. The ninth section of the contract provided that appellee was to advance the contractor $10,000 immediately, and did, in fact, do so. The appellant is charged with knowledge of the terms of the contract, the performance of which the bond was given to secure. It is evident that the provision for weekly payments as stated in the third section of the contract is inconsistent with the payment of $10,000 provided for by the ninth section. The ninth, section, being subsequent in order and having been actually performed, should be held to be a waiver on the part of appellant of the prior provision for weekly payments, and the appellant cannot rely upon the failure to make weekly payment as such a deviation of the terms of the contract as would avail to release it, as surety.

■ 2. Appellant asked leave to file a number of additional pleas, which the court denied, stating that it would permit the appellant to prove the subject-matter set out in the additional pleas uder the pleas already filed by appellant. The appellant suffered no injury from the denial of leave, in view of the offer of the court to admit the proof.

■ 3. The appellee introduced in evidence certain notices of liens, over the objection and exception of appellant, claiming them as part of his damages. The condition of the bond is: "If the said Principal shall well and truly indemnify and save harmless the said Obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said Principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law. * * * ".

The undertaking of the principal, which was secured by the surety, being to indemnify the obligee against pecuniary loss, in order for the obligee (appellee) to recover for a breach of the bond, he must show that he sustained a pecuniary loss by a breach of the contract. 31 Corpus Juris, pp. 416–439. It was the duty of the contractor to complete the building and deliver it to the appellee free of valid liens within the time specified in the contract. In order for the appellee to establish a loss, by reason of a breach of this kind, he would be required to show a loss

incurred or paid because of liens fastened on the building or which the appellee was liable for. Introduction of the "Notices of Liens," unsupported by evidence that the liens were perfected on the building or that the appellee had, in fact, paid them, were insufficient to show that appellee suffered or paid a loss on that account. The appellee testified that he had paid none of the claims which were the basis of the liens. The debts were contracted by the Miami Real Estate & Building Company, and appellee was not personally liable for them. In any event, the lien against either appellee or his building could extend no further than there existed a balance due the contractor from appellee, and there was no such balance; the contractor having abandoned the building and appellee having completed it at his own expense.

There is no support in the record that appellee suffered any loss from any lien claims which the contractor failed to satisfy, Revised General Statutes of Florida, 1920, §§ 3517, 3518, 3519, 3520, and 3530. None were enforced against him or against his property. He testifies that he paid them by letting his mother have the property for $35,000 when it was worth $50,000. There is no evidence that his mother assumed or paid any of the liens or that any of them were enforced against the property after she acquired it. If he voluntarily reduced the purchase price his mother paid him on account of unenforceable claims against it, this payment by him would be voluntary, and the loss not recoverable against the surety. 31 Corpus Juris, pp. 434, 440, 441, 557. So far as the record indicates, after a lapse of three years from the completion of the building, neither appellee or his property have been called upon to satisfy the liens, the jury were left to determine his damage from, and it is consistent with the record that appellee may have recovered the amount of the claims as part of his damages, and yet may never suffer a loss by having to pay them. This is not the rule in cases of indemnity. 31 Corpus Juris, pp. 426, 427, 439. We think the District Court erred in permitting the jury to consider the "Notices of Liens" as elements of appellee's damages, in the absence of proof that either he or his property had been compelled to respond to the claims on which they were based.

■ 4. The District Court permitted evidence of attorneys' fees to be introduced and the jury awarded damages on that account. Attorneys' fees can be recovered only when authorized by contract or statute. 15 Corpus Juris, § 248, p. 114. Section 4263 of the

Revised General Statutes of Florida 1920 provides for the allowance of attorneys' fees in favor of a beneficiary "under any policy or contract of insurance." Such statutes are strictly construed, as the imposition is in the nature of a penalty. 33 Corpus Juris, p. 150, § 888. 15 Corpus Juris, p. 115, § 249. We do not think the indemnity bond on which the suit is brought is a policy or a contract of insurance within the meaning of the Florida statute.

Eliminating the elements of damage consisting of alleged lien claims and attorneys' fees, the appellee is entitled to what he actually and reasonably expended in finishing the building after the contractor had abandoned it. The cause is reversed and remanded for further proceedings in conformity herewith.

Reversed and remanded.