## UNITED STATES FIDELITY & GUARANTY CO. v. HIGHWAY ENGINEERING & CONSTRUCTION CO., Inc.

No. 6201–6206.

Circuit Court of Appeals, Fifth Circuit.
July 23, 1931.

Rehearing Denied Sept. 4, 1931.

Lucien H. Boggs, of Jacksonville, Fla., and Herbert S. Phillips, of Tampa, Fla., for appellant.

George C. Bedell, of Jacksonville, Fla., and A. G. Turner, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

By these appeals the United States Fidelity & Guaranty Company, defendant in the court below, hereafter referred to as appellant, seeks to have declared here what was denied there, that certain paving certificates issued by the county of Hillsborough, Fla., under chapter 9316, Acts of 1923, as extended and validated by chapter 10139, Acts of 1925, and chapter 12207, Acts of 1927, are not valid and enforceable liens within the meaning of their agreement with appellee, Highway Engineering & Construction Company, to take up and pay them in the event of default.

Each of the paving certificates, the payment of which appellant upon conditions assumed, is fair on its face, and taken in connection with appellant's agreement to take it up, with the evidence that default in its payment has occurred, and that appellant within the time limit in its agreement has failed to take it up, makes out a prima facie case.

This appellant admits, contending, however, that this prima facie case has been fully overthrown by the showing that the basic legislation on which the assessments rest and the assessments are void, and that they nei-ther could have been nor were given life by the validating acts relied upon. Further, it declares that at any rate plaintiff has mistaken its recovery, which should have been not for the face value of the certificates, but for nominal damages, or, at most, the actual damages which must have been, but were not, pleaded and proven.

The contracts in suit were executed under the following circumstances:

Plaintiff, the paving contractor who laid the paving for which the assessments in question were levied, being the owner of the paving certificates based thereon, secured from appellant for the consideration agreed upon the execution and delivery of the instruments in suit. Each of these agreements was styled "Paving Certificate Bond," and each, after reciting the fact of the holding by plaintiff of the certain certificates of indebtedness thereinafter specifically described, and that it was the intention of plaintiff to sell them to other persons, declared that, if upon their maturity they should go unpaid, appellant "will pay to the lawful holders of said certificates of indebtedness or any of them, the amount of money then due." It was, however, in said agreement provided: "This bond is issued subject to the following conditions precedent to liability on the part of the United States Fidelity & Guaranty Company; (1) That the certificates have been issued as recited in the agreement in conformity with the laws of the State of Florida authorizing their issuance. (2) That each certificate, payment of which may be demanded, is a valid and prior lien upon the land described in it. (3) That prior to the payment the holder of the certificate shall have done all things required by the laws of the State of Florida to be done to entitle payment from the owner of the land securing it. (4) That notice of default must be given appellant, and that it shall then have sixty days within which to take up the certificate."

Appellant makes no question upon the fourth condition, default notice and demand, but contends that conditions 1, 2, and 3 in effect making its liability to pay dependent upon the validity of the assessment liens has not been and cannot be complied with so as to fix its liability to plaintiff. It declares that the legislative journals show that chapter 9316 was invalidly enacted. That chapter 10139, which repealed it, did not purport to validate the assessments made under it, but merely undertook to validate and continue in force the act itself for the purpose of continuing proceedings already begun under it.

That, having been invalidly enacted, it could not be validated. Horton v. Kyle, 81 Fla. 274, 88 So. 757.

Further, that the proceedings in this case were not taken under chapter 9316, but under chapter 10139, itself an invalid act, and that chapter 12207 has not effected a validation of the assessments, first because it did not purport to validate assessments made as these were, under the authority of chapter 10139 but only those made under chapter 9316; and, second, because, if it may be construed as attempting to validate the proceedings on which the certificates in question rest, it could not, because of the essential invalidity of the chapters in question, under which they were levied, do so. Horton v. Kyle, 81 Fla. 274, 88 So. 757.

Plaintiff, appellee here, insists that, the defendant having, with full knowledge of the state of the law and facts out of which the assessments grew, and upon which they rest, executed the paving certificate bonds after the Supreme Court of Florida, in Moore v. Hillsborough County, 86 Fla. 514, 98 So. 505, had declared chapter 9316 a constitutionally valid enactment, cannot put upon the conditions any other meaning than that when payment was demanded of appellant, there must be a showing as to each certificate that it had been issued in accordance with the provisions of the governing law, and that it was still due and unpaid. That to permit defendant to collaterally raise in this suit a constitutional question which is personal to the certificate payors was not intended by the agreement, nor is such right granted by its terms.

Plaintiff stoutly maintains further that the law under which the certificates were issued is valid, and the certificates always have represented valid obligations. Finally, however, it plants itself upon the proposition that, the assessments which the certificates in question represent having been validated by the Legislature of Florida by chapters 10139 and 12207 of the laws of Florida, appellee should have had its judgment below, and that judgment should be here affirmed.

■ We do not agree with appellee that defendant could be made to pay for invalid certificates. We think it clear that the conditions of the instrument which it signed were carefully drawn to effect, and that they did effect, the result of limiting the risk of appellant to the financial one of the fluctuations in value of the property covered by the lien, and that it assumed no risk either as to title to the certificates or the validity of the assessment liens which underlie them. We think that, if appellant has in fact and in law sustained the burden of overcoming the prima facies of the recitations in the paving bonds and in the certificates by making a clear showing that the assessments are void and the certificates therefore worthless, it, and not plaintiff, should have had judgment in the court below.

■ We think it plain, however, that that burden has not been sustained. The ingenuity and earnestness of counsel, aided by the equal division of the Florida Supreme Court, in Smith v. Williams, 126 So. 367; Id., 131 So. 335–337, has indeed gone far to invest this case with an atmosphere of doubt and difficulty; but our understanding of the legal principles involved does not permit us to share it. It seems clear to us that whatever might have been the legal situation, had the Legislature not by enacting chapter 12207 in effect spread the assessments for itself, given legislative authority and sanction to the work done and the amounts due the contractor for having done it, and legislative validity to the liens securing those amounts, the enactment of that statute has effectively and finally put an end to question.

We do not agree with appellant that the assessments in this case were not originally laid under the authority of chapter 9316. We think it entirely plain that they were, for chapter 10139 continued that act in force by name for the purpose of making these and other similar assessments, and there can be no question but that the validating act, chapter 12207, related to and effected the validation of the certificates and the assessment liens here in question.

We realize that, because of its equal division on the question, the Supreme Court of Florida has not spoken on this question in an authoritative way. That the same situation is presented here as was presented in Duval v. Hemphill (C. C. A.) 41 F.(2d) 433, and that here, as there, this court must for itself determine what is the law.

We agree, however, fully with Judge Whitfield's very excellent discussion in Smith v. Williams, supra, of the question of the validity and scope of chapters 9316, 10145, and 12208, the latter two having the same relation to chapter 9316 as chapters 10139 and 12207 involved here, and we also fully agree with the conclusion which he reached.

We shall content ourselves, therefore, with saying so, and will not burden this opin-

ion by what would be mainly a restatement of what he has already, in his characteristically clear, lucid, and vigorous way, so well said. We think it cannot be gainsaid that it is no longer a matter for question, that when by a validating act the Legislature ratifies and adopts assessments not spread by it, but which it could have originally spread, these assessments become and thereafter are legislative assessments as truly as though the Legislature had in the first place spread them. Columbia Inv. Co. v. Long Branch and Lakeside Road and Bridge Dist. (D. C.) 281 F. 342; Charlotte Harbor & N. R. Co. v. Welles, 260 U. S. 8, 43 S. Ct. 3, 67 L. Ed. 100; Anderson County Road Dist. No. 8 v. Pollard, 116 Tex. 547, 296 S. W. 1062; Dunn v. Ft. Bend County (D. C.) 17 F.(2d) 329, and the long list of cases cited in Judge Whitfield's opinion in the Smith Bros. Case supra, 126 So. 367, 370.

The case of Horton v. Kyle, supra, in which Judge Whitfield dissented, and the subsequent reliance upon that case by some of the members of the Florida court, in our opinion, rests upon the failure to differentiate between the efforts to validate the legislative act itself and the things which had been done under its authority, things which the Legislature could originally have done, and therefore, having been done, it could validate.

Nor do we think there is any more merit in appellant's position that plaintiff's recovery should have been for nominal damages only, or at least for actual damages measured by the difference between the value of the certificates and their face. We think that, even if the contract were general with no specific agreement as here for taking up the certificates, and the suit were to be regarded as one for damages, damages would be measured by the face of the certificate and the amount which had been agreed to be paid. Bank of Miami v. Young (Tex. Com. App.) 208 S. W. 656; Seagraves v. Wallace (C. C. A.) 41 F.(2d) 679.

By clear provision in this case appellant twice agreed, in the condition clause and in clause 4, to take up and pay the value of the certificates, if there were default, while in clause 4 the very difficulty, which appellant now makes so much of, that plaintiff will have its judgment for the value of the certificates and the certificates too, was provided against. That clause provides for sixty days' notice to the company after default in the certificate before it is compelled to pay it, and then provides that contemporaneously with the payment the certificate shall be delivered over to appellant.

The judgment for plaintiff allowing recovery for the value of the certificates was correct, and must be affirmed. For so much of the judgment, however, as allowed attorneys' fees there was no warrant.

Attorneys' fees are recoverable only where they have been provided for in advance, either by agreement or by a valid statute. The agreement in suit made no provision for attorneys' fees, nor can the statute which authorizes the collection of attorneys' fees in suits upon insurance policies (Comp. Gen. Laws Fla. 1927, § 6220), Hartford Fire Ins. Co. v. Wilson & Tommer (C. C. A.) 4 F.(2d) 835, be availed of. The contract in question was not an insurance contract, and the invoked statute does not cover this case. Union Indemnity Co. v. Vetter (C. C. A.) 40 F.(2d) 606.

The judgment will therefore be modified by the disallowance of so much of it as awards attorneys' fees, and, as modified, will be affirmed.