J. D. ANDERSON, *et ux.*, v. NORTHERN INVESTMENT CORP.
163 So. 134.
Opinion Filed September 21, 1935.

*William Fisher,* for Appellants;
*Coe & McLane,* for Appellee.

PER CURIAM.—In this case the appeal is from a final decree foreclosing two certain tax sale certificates.

In one of the certificates the land was described as "Lots 5-6, Block 125, New City," and in the other certificate the land was described as "Lots 7 to 11, Block 78, S. 28, T. S 2 R W 30."

It was alleged in the second amended bill of complaint that certificate No. 1394 in which the lands were described as follows, "Lots 7 to 11, Blk. 78, S 28, T S 2, R. W. 30," was issued pursuant to a tax sale for the unpaid taxes lawfully assessed against Lots 7, 8, 9, 10 and 11 in Blk. 78 of the West King tract in the City of Pensacola, Escambia County, Florida, being a subdivision of Section 28, T 2 S R 30 W. And it is further alleged that certificate No. 1192 in which the lands were described as "lots 5 6, Blk. 125, New City," was issued pursuant to sale for the non payment of taxes lawfully assessed against lots 5 and 6 in Block 125

of the New City tract in the City of Pensacola, Escambia County, Florida.

It is contended by the appellants that the description contained in the tax sale certificate is so indefinite and uncertain as to constitute no legal description which could be used as a basis for a tax lien.

The law applicable to cases involving questions such as those presented here has been definitely settled contrary to appellant's contention in the opinions and judgments in the cases of Trust Co. of Fla., *et al.,* v. City of Tampa, 103 Fla. 628, 138 Sou. 73; Inter City Security Co., *et al.,* v. Barber, 106 Fla. 671, 143 Sou. 791, and Palbricke v. Takami, 112 Fla. 629, 151 Sou. 287.

On authority of these cases, and authorities there cited, the decree should be affirmed.

. It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.