J. T. G. CRAWFORD, et al., v. C. L. REHWINKEL

163 So. 851.
Division A.
Opinion Filed October 26, 1935.

450

*J. T. G. Crawford* and *Phil S. May,* for Appellants;
*A. L. Porter* and *B. K. Roberts,* for Appellee.

PER CURIAM.—This appeal is' from an order denying defendant's motion to dismiss the bill of complaint.

C. L. Rehwinkel filed his bill of complaint against J. T. G. Crawford, and Paula Crawford, his wife, George G. Crawford, and Annie Crawford, his wife, H. Clay Crawford, Jr., Gladys Crawford, Genevieve Crawford,. Aeneida Crawford, a widow, and William Bloxham Crawford, Jr., seeking to foreclose certain Tax Sale Certificates on land situate in Wakulla County.

The bill of complaint alleged substantially that on August 1, 1932, the land hereinafter described was sold for non-payment of taxes for the year 1931, by W. G. Durrance, Tax Collector of Wakulla County; that thereupon said Tax Collector issued to L. L. Pararo, Clerk of the Circuit Court of Wakulla County, Tax Sale Certificates No. 68 and No. 74, as provided by law, embracing the land sought to be foreclosed upon; that complainant, on October 3,

1934, bought that portion of said Certificates together with all subsequent certificates covering the land hereinafter described, and redeemed all prior certificates thereon from the Clerk of the Circuit Court of Wakulla County; that said Clerk acting under authority of Sections 992 and 994 of Chapter 14572, Acts of 1929, sold those portions of Tax Sale Certificates No. 68 and No. 74 to complainant and delivered to complainant Tax Sale or Redemption Certificates No. 45085 and No. 45086, for which complainant paid $69.94; that said Tax Sale Certificates covered the following described land: "All of Lot 51 and the North Half and the Southwest Quarter of Lot 62 of Hartsfield Survey of lands in Wakulla County, Florida, containing 630 acres"; that more than two years have expired since the issuance of said Tax Sale Certificates No. 68 and No. 74, a portion of which complainant purchased; that complainant paid all omitted subsequent taxes and interest on the land sought to be foreclosed upon, and redeemed all prior and subsequent Tax Sale Certificates thereon; that the sum of $404.85 would be required to redeem said land, no part of which has been paid to complainant or to anyone for him; that the whole consideration for said Certificates, omitted subsequent taxes and interest thereon has been paid to the Clerk of the Circuit Court of Wakulla County; that said Tax Sale Certificates were issued by the Tax Collector of Wakulla County in accordance with the law relating to issuance of Tax Sale Certificates; that the tax levied on said property was uniform and reasonable; that said property was subject to taxation; that defendants were owners of said property, and that they or any of them have failed to pay taxes on said land and that the amount of taxes hereinabove alleged to be due was then due and unpaid; that said Tax Sale Certificates constitute a valid and out-

standing lien against said land superior to all other liens;
that all things have been done, all times' elapsed and all
events occurred to make said Tax Sale Certificates valid,
and that the same were then valid; that complainant was
the owner and holder of the same and entitled to all rights
flowing therefrom and entitled to bring this suit thereon
under provisions of Chapter 14572, Acts of 1929.

The lands embraced in Tax Sale Certificates No. 68 and
No. 74, part of which were purchased by complainant,
and attached as exhibits to the bill of complaint, were de-
scribed in this manner:

| Description of Lands | Sec. | Twp. | Range | Acres |
|---|---|---|---|---|
| All of Lots 50-51 and S½ of Lot 52 | H | S | | 900 |

| Description of Lands | Sec. | Twp. | Range | Acres |
|---|---|---|---|---|
| S½ of Lot 61 & All of Lots 62 & 63 & 64 of | H | S | | 1260 |

And then the Certificates recited that the land was lo-
cated in the County of Wakulla and State of Florida.

Defendants made their joint and several motion to dis-
miss the bill of complaint because, upon one among several
grounds no sufficient description of the land described in
paragraph two of the bill appears in any or either of Tax
Sale Certificates sought to be foreclosed to identify the
land, if any, described, in said Tax Sale Certificates with
the land described in the bill.

The court denied the motion to dismiss and allowed de-
fendants until the following Rule Day in which to plead,
whereupon defendants took this appeal.

The sole question involved in this appeal is whether the description of the land contained in Tax Sale Certificates No. 68 and No. 74, part of which were purchased by complainant, is legally sufficient to support a bill for foreclosure under Chapter 14572 upon numbered lots "of Hartsfield Survey of Lands in Waukulla County, Florida."

The assessments as made upon the tax rolls is not shown by the pleadings. It is assumed that the description of the land on the assessment rolls is the same that appears in the Tax Sale Certificates made exhibits to the bill of complaint.

Section 920 C. G. L. provides that lands subject to taxation which are not included within the limits of any incorporated city or town and laid off in lots and blocks, shall be assessed by townships. Then the statute provides exceptions to the general rule:

"Provided, that when private surveys of land or descriptions by metes and bonds have taken the place of government surveys, and the land is known, designated and described only by such private surveys or metes and bounds, the description in the assessment shall be made in accordance with such surveys or descriptions as recorded in the office of the clerk of the circuit court, or by reference to deed of record, giving the book and page as appears in the office of the clerk of the circuit court, and when Spanish grants or donations exist in any county in this State, which have not been surveyed and platted, or which plats are not recorded in the office of the clerk of the cicruit court, the county assessor of taxes for such county shall assess the several tracts of land owned in such grants not platted as above, describing the same by reference to deed of record, giving the book and page of record as appears in the office of the clerk of the circuit court, and if the deed conveying

such tracts is not recorded upon its production to the county assessor of taxes, he may describe the lands as being that tract, lot, piece or parcel described in a deed executed by the grantor (naming him) to the grantee (naming him), bearing date (giving date shown by deed), and such description shall be valid and sufficient for all purposes of the assessment."

The description of the land contained in the Tax Sale Certificates does not conform to the general rule laid down in the statute for assessing taxes on land not included in the limits of incorporated cities and towns and laid off in lots and blocks, as it was not described by government survey. Sec. 920 C. G. L.

Where private surveys or descriptions by metes and bounds have taken the place of government surveys, the statute requires that the assessment shall be made in accordance with such surveys or descriptions as recorded in the office of the clerk of the circuit court; or by reference to deed of record, giving the book and page number as it appears in the office of the clerk of the circuit court. Sec. 920 C. G. L. The assessment in this case was apparently made according to a private survey; but it does not appear that the survey was recorded in the office of the clerk of the circuit court, and no reference was made in the bill of complaint to any record thereof; nor was it alleged that the assessment roll contained a reference to any deed of record, conveying said land, appearing of record in the office of the clerk of the circuit court.

The statute also makes provision for assessing Spanish grants or donations which have not been surveyed and platted, or where, if platted, the plat is not recorded in the office of the clerk of the circuit court. In such instances, the tax assessor shall assess such land, describing the same

by reference to deed of record, giving the book and page as it appears in the office of the clerk of the circuit court. If such deed is not recorded upon its production to him, the tax assessor may describe the land as being that tract, piece or parcel described in a deed executed by the grantor (naming him) to the grantee (naming him), bearing date (giving date shown by deed). Sec. 920 C. G. L. The bill of complaint failed to allege that this land was described in the assessment in the manner provided in this portion of the statute.

The bill of complaint failed to show by proper allegation that the land was described by the tax assessor in the assessment roll according to the general rule or according to any of the exceptions as laid down in the foregoing statute, Sec. 920 C. G. L.; or that anything appears on the tax roll which would clarify or make more definite the description contained in the Tax Sale Certificates. See Dixon v. City of Cocoa, 106 Fla. 855, 143 So. 748.

Abbreviations and figures may properly be used in descriptions in tax assessments if they are familiar, easily understood, not misleading, and indicate the thing intended with certainty. 61 Corpus Juris 711. But the use in tax assessments of abbreviations or figures not used by conveyancers' or not generally understood by the public at large may render the description insufficient in a suit predicated upon a tax assessment comprehending such abbreviations or figures if such abbreviations or figures are not so generally understood by the public at large that the Court may properly take judicial notice of their meaning. In the latter instances it will be essential for the pleader to allege and show that the abbreviations or figures used have a definite and commonly understood meaning and what that meaning is, so that the Court in dealing with the abbre-

viations and figures may interpret and apply them with definiteness and certainty in any decree it may render.

In cases where no Spanish grant is involved, but no government survey has been made, and where a pre-existing survey already made has become recognized by the government survey because there was omitted such pre-existing surveyed land from the government survey of adjacent lands, there is nothing in Section 920 C. G. L., *supra,* which will invalidate an assessment for taxes of such land not within a regular government survey, provided it is properly assessed according to a recognized survey that is used and acquiesced in by conveyancers because of the absence of any regular government survey of townships, sections, etc., covering the particular lands in the county. The statute does not contemplate assessments according to government surveys where no government survey of the assessed land has ever been made.

In proceedings to foreclose the lien of tax sale certificates, where the descriptions of the land contained in the tax sale certificates are not sufficient upon which to decree a title to specific lands, the bill of complaint should allege facts sufficient to show that the assessment rolls as to such land contain adequate reference to surveys or records or other matters legally sufficient for a valid assessment which so identifies the land that it will thereby be protected from reassessments for the same tax and that the court may decree a title upon specific land should the assessment as alleged be duly admitted or proved. See: Anderson v. Northern Investment Co., 120 Fla. 894, 163 Sou. Rep. 134.

The bill of complaint does not allege facts showing the assessment on the land was made according to one of the methods provided by the statute. The order denying the

motion to dismiss the bills is reversed and the cause is remanded for appropriate proceedings.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.