## HILLSBOROUGH COUNTY v. HIGHWAY ENGINEERING & CONSTRUCTION CO., Inc.

No. 8457.

Circuit Court of Appeals, Fifth Circuit.

Jan. 21, 1938.

Rehearing Denied Feb. 21, 1938.

420

W. F. Himes, John B. Sutton, and H. C. Tillman, all of Tampa, Fla., for appellant.

George C. Bedell and Chester Bedell, both of Jacksonville, Fla., and Jno. Bell, of Tampa, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

When appellee was here before, as the appellee in United States Fidelity & Guaranty Co. v. Highway Engineering & Construction Co., 5 Cir., 51 F.2d 894, 896, it was to contend mightily and with effect that the Temple Terrace Estates paving certificates it held were valid, and that the guaranty company was without defense against them. It is here now arguing the invalidity of two of them with the same vigor and earnestness with which it formerly argued the validity of them all. But decided law, like taught law, is tough law, at least with those who made the decision, and appellee finds the going hard when it attempts to have us now deny, what, on its insistence, we formerly affirmed, the completely vali-dating effect of chapter 10139, Laws of Florida of 1925, and chapter 12207, Laws of Florida 1927. These acts are in terms completely and comprehensively · validating. Chapter 10139 validates "all such proceedings, including the making of assessments, issuing of certificates of indebtedness and everything else required or authorized to be done by said chapter 9316, whether heretofore done or hereafter to be done." Chapter 12207 validates "all proceedings, acts and things existing, done, had and taken * * * under said Chapter 9316, for the purpose of carrying out any of the provisions thereof, including all assessments and all certificates of indebtedness, are hereby validated, ratified and confirmed."

▪ Upon full and mature consideration, we said, in the above-cited case:

"It seems clear to us that whatever might have been the legal situation, had the Legislature not by enacting chapter 12207 in effect spread the assessments for itself, given legislative authority and sanction to the work done and the amounts due the contractor for having done it, and legislative validity to the liens securing those amounts, the enactment of that statute has effectively and finally put an end to question. * * *

"We think it cannot be gainsaid that it is no longer a matter for question, that when by a validating act the Legislature ratifies and adopts assessments not spread by it, but which it could have originally spread, these assessments become and thereafter are legislative assessments as truly as though the Legislature had in the first place spread them."

We are still of that opinion, and though the Supreme Court of Florida were, as appellee argues, of a different opinion, we should, regretting to find ourselves in opposition to that court, still give our opinion effect. But we do not find the Florida Supreme Court now in opposition.

When we wrote the former opinion, that court was divided on the question, and since its writing, it has at times, particularly in Hillsborough County v. Temple Terrace Assets Co., 111 Fla. 368, 149 So. 473, apparently taken a view contrary to ours.

As we read its decisions, that court is now not only in agreement in principle with the opinion of its distinguished justice, which we followed in the United States Fidelity & Guaranty Co. Case, supra, cf.

Town of Gulfport v. Mendels, Fla., 174 So. 8, but in Webb v. Scott, Fla., 176 So. 442, at page 445, it has in terms announced that that view should become the rule in Florida.[1]

Supported and sustained, in our view of the correctness of our former decision, by these pronouncements of the Florida Supreme Court, we reaffirm what we have formerly affirmed, the completely validating effect of chapter 10139, Laws of Florida of 1925, and chapter 12207, Laws of Florida of 1927. So affirming, we declare as those acts declare, that the certificates of indebtedness in suit are "validated, ratified and confirmed."

■■■ But, insists appellee, the contention on which it mainly relies, indeed, the only contention put forward in its pleadings, is not that the validating acts, chapters 10139 and 12207, were not effective to validate in general the Temple terrace assessments, but that the particular assessments for which the certificates in suit were issued were void, because they describe the property assessed as in section 29, instead of as in section 28, where the property improved, and undertaken to be assessed, lies.

It urges upon us that no amount of validation could perfect these assessments, because, by thus describing the property in the proceedings for assessment, an entirely different piece of property from that described in the certificates was attempted to be assessed.

We do not at all agree with appellee. We do not agree that the assessments are invalid for want of description. We particularly do not agree that the validating acts, validating both assessments and certificates, were not fully effective to cure what was, at most, a curable irregularity in the assessment proceedings, in inadvertently using section 29, instead of section 28, as part of the description. Certificate No.

5675 "in part payment for work done on Orange Circle," correctly describes the property as "1314.6 ft. of the W ½ of the SE ¼ of 22- 28- 19 lying south of Orange Circle, as recorded in Plat Book 10 page 69, Temple Terrace Estates Subdivision," and Certificate 5574 "in part payment for work done on St. Andrews Avenue," correctly describes the property as "2643.1 ft. lying in the West ½ of the SE ¼ of Sec. 22, and in the NW ¼ of the NE ¼ of 27- 28- 19 lying West of St. Andrews Avenue as recorded in Plat Book 10, p. 69 Temple Terrace Estates Subdivision."

The assessments and the required statutory notices of assessments describe the lands in the same way, except that the township number was inadvertently given as "29" instead of "28" in which the abutting property was actually located.

Appellant unsuccessfully contended below that the balance of the description describing the property as west of St. Andrews avenue in the one case, and south of Orange circle in the other, and in both cases as part of Temple Terrace Estates subdivision, as recorded in Plat Book 10, page 69, rendered the inadvertent use of "29" for "28" immaterial and harmless, and made the assessment sufficiently definite and certain to constitute a legal description and basis for the certificates. Anderson v. Northern Inv. Corporation, 120 Fla. 894, 163 So. 134; Inter-City Sec. Co. v. Barbee, 106 Fla. 671, 143 So. 791; Trust Co. of Florida v. Tampa, 103 Fla. 628, 138 So. 73.

In addition to the plat itself, which on its face inexorably identified the land to be assessed as in section 28, appellant offered numerous witnesses all of whom would have testified that, taking the description as a whole, the use of "29" for "28" was a patent and harmless inadvertence, and that the description given of the land would have inevitably located it in

---

[1] In that case, discussing the validating effect of chapter 12208, Acts of 1927, on chapter 10145, which had been declared unconstitutional, the court said: "Chapter 12208, Acts 1927, undertook to validate all acts and proceedings of the Board of County Commissioners in respect to assessments and certificates of indebtedness. This court in the case of Smith v. Williams, 100 Fla. 642, 126 So. 367; Id., 100 Fla. 660, 131 So. 335, was equally divided as to whether chapter 12208 validated the acts done under chapter 10145. On the rehearing of that case three of the six justices were of the opinion that chapter 12208 was a legislative assessment for improvements already made; and the Circuit Court of Appeals for the Fifth Circuit, in the case of United States Fidelity & Guaranty Co. v. Highway Engineering & Construction Co., 51 F.2d 894, unanimously adopted that view, having before them a different statute but one of similar effect. That view should now become the rule in this state." 176 So. 442, at page 445.

section 28. The District Judge excluded this evidence, and ruled, as matter of law, that the inadvertence made the assessment invalid. In this he erred.

Assessment proceedings should of course correctly and properly identify the land to be assessed, and, unless they do só, they do not of course become a legal charge. On the other hand, if taken together they do describe the land, inadvertences and irregularities in the description will not affect their validity. Every fact in this record sustains these assessments as sufficient in description. The project was a Temple Terrace Estates project. It was initiated upon a petition of Temple Terrace Estates the property properly described in the certificates, was Temple Terrace Estates property. Reference to the streets and particularly to the map which show that Temple Terrace Estates was in section 28 and not in section 29, made the description certain beyond question. The evidence should have been admitted; the assessments should have been sustained.

But, if we are wrong in this view, and the assessments and certificates require correction and validation, this was completely accomplished both by the correction by the County Board of the patent inadvertence and by the complete legislative validation of assessments and certificates.

Appellant raises other points against the judgment: (1) That appellee went against the county without first litigating the question whether the property was subject to the lien of the certificates, City of Louisville v. Hexagon Tile Walk, 103 Ky. 552, 45 S.W. 667; (2) whether the county would be liable upon a general judgment, McQuillin on Municipal Corporations, vol. 5 pp. 421, 422; Webb v. Hillsborough County, Fla., 175 So. 874; (3) whether appellee's action begun in 1932 on certificates issued in 1926 was not barred by limitation.

Because our view that the certificates are valid settles and disposes of the appeal, we do not consider or discuss these questions other than to say that they seem of quite serious import.

The judgment is reversed, and the cause is remanded, with directions to enter judgment for the defendant.

All costs of appeal, whether incurred in this court or in the trial court, are assessed against appellee.

Reversed and remanded.