ERVIN, Justice
(dissenting):
Respondent moves us for allowance of an attorney’s fee for his attorney’s services in representing him in the instant certiorari proceedings which we dismissed for lack of conflict jurisdiction. The motion is predicated upon F.S. Section 627.-0127(1), F.S.A., which now provides pursuant to an amendment of the section by Chapter 67-400, that
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under *14 a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.”
I agree with Petitioner allowance of such a fee is in the nature of a penalty and must be strictly construed. See Union Indemnity Company v. Vetter, 40 F.2d 606 (Sth Cir. 1930), and Salter v. National Indemnity Company (Fla.App.), 160 So.2d 147.
I do not consider an insurer’s petition for a conflict certiorari review where the petition is denied for lack of jurisdiction to be an appeal in the sense contemplated by F.S. Section 627.0127, F.S.A. Compare Stein v. Darby (Fla.), 134 So.2d 232. I think the statute contemplates an appeal wherein the judgment of the trial court for the insured is affirmed by a court having jurisdiction. It is noted the statute only authorizes fees or compensation “for the insured’s or beneficiary’s attorney prosecuting the suit in which recovery is had.”
Ordinarily, appeals from trial courts contemplated by Section 627.0127 will lie in the District Courts of Appeal or Circuit Courts, although there may be some occasions when an appeal would be properly lodged with us when the judgment involved our constitutional appellate jurisdiction. However, in a conflict certiorari review if we quashed a decision of a District Court that reversed an insured’s judgment and ordered the trial court’s judgment in favor of the insured reinstated, then it would be proper for us, or the District Court on remand pursuant to our direction, to fix a reasonable fee for the services of the insured’s attorney. In the last described situation the certiorari review would be the equivalent of an appeal resulting in an af-firmance of the judgment of the trial court for the insured.
In sum, my construction of F.S. Section 627.0127, F.S.A. is that the only fees allowed thereunder for the services of the attorney prosecuting the suit for the insured are those fixed by the trial court on entering a judgment or decree in favor of an insured against an insurer where there is no appeal; or in the event of an appeal, those fixed for such purpose by the appellate court having jurisdiction thereof and affirming the judgment of recovery. In practical effect, it would appear the trial court would fix a fee for the insured’s attorney when it enters a judgment, which fee would stand if there is no appeal; but in the event of an appeal, and the insured prevails, the appellate court would affirm or not disturb the fee fixed below and enter an additional fee for the appellate services of insured’s attorney or otherwise fix a total fee that it considered appropriate for the services of the insured’s attorney, both at the trial and appellate levels.
CALDWELL, C. J., and THOMAS, J., concur.