Ervin A. Higgs Monroe County Property Appraiser Key West
QUESTIONS:
1. Should a property appraiser place on the tax rolls properties as shown in a newly amended plat, recorded by the clerk of the circuit, when the property appraiser believes such amended plat was adopted contrary to the requirements of s. 197.046, F. S.?
2. In the event the outstanding taxes on the property are paid, should the property appraiser require a rerecording of the plat before accepting it for ad valorem tax roll purposes?
SUMMARY:
The property appraiser must place properties as shown on a newly amended plat approved by the board of county commissioners and recorded by the circuit court clerk on the county real property assessment roll, regardless of noncompliance with the provisions of s. 197.046, F. S., unless otherwise directed by a court of competent jurisdiction. Furthermore, the property appraiser has no statutory authority, either express or necessarily implied, torequire either the property owner or the circuit court clerk to rerecord an amended plat before accepting it for ad valorem assessment roll purposes.
In your letter you stated that owners of property within Monroe County submitted a preliminary proposed amended plat of an existing recorded plat to the county commission for approval. A copy of the proposed amended plat was sent to the property appraiser's office to determine if all taxes had been paid on the property in compliance with s. 197.046, F. S. The property appraiser's office determined that an examination of their records revealed that property taxes for the years 1978 and 1977 were outstanding and unpaid. Your letter does not state whether the county commission was officially informed of the outstanding tax liability on the property. However, the county commission approved the final amended plat and it was recorded by the clerk of Monroe County. Subsequently, copies of transfers of lots into the new plat were submitted by the clerk to the property appraiser's office, pursuant to ss. 695.21 and 695.22, F. S.
This office is not authorized to comment on the propriety of the official actions of a public official or public body except at the request of such official or a majority of the members of the public body. In responding to your questions, I can offer no opinion concerning the validity or invalidity or the legal consequences of the acts of either the board of county commissioners or the clerk of the court in Monroe County. This opinion is hereby limited to the issue of how the property appraiser is to proceed with the official, statutorily prescribed duties of his office under the circumstances described in your question.
As property appraiser, it is your duty to ensure that all real property within Monroe County is listed and valued on the real property assessment roll. Section 193.085, F. S. Pursuant to s.193.114, F. S., the Department of Revenue is directed to promulgate regulations and forms to assist property appraisers in the preparation of their assessment rolls. Department of Revenue Rule 12D-8.08, F.A.C., states in pertinent part:
12D-8.08 Additional Requirements for Preparation of the Real Property Roll.
 (1) In addition to the requirements of Rule 12D-8.07, F.A.C., the Real Property Assessment Roll for each county shall include a description of the property assessed or a cross-reference to the description which shall be accurate and certain enough to give the taxpayer the necessary notice of the tax assessed against the particular piece of property; the description so cross-referenced shall afford an adequate conveyance to the purchaser at a sale of the property for satisfaction of a lien originating in the non-payment of the tax. The Official Record Book and page number of the conveyance upon which the owner of record's title is based shall also be shown, provided such information has been gathered pursuant to Rule 12D-8.11(1)(m), F.A.C.
 (a) All descriptions of real property shall be based upon reference to the government grid system survey (Section, Township, Range) in general use in this state, provided:
 1. Where real property has been subdivided into lots according to a map or plat duly recorded in the office of the Clerk of the Circuit Court of the county in which the lands are located, or is a condominium or co-operative apartment the description of real property shall, in addition to Section, Township, Range, be based upon reference to such map or plat. Crawford v. Rehwinkel, 163 So. 851.
 2. For Spanish Grants or donations which have not been surveyed and platted, or where if platted, the plat is not recorded in the office of the Clerk of the Circuit Court, the description of real property may also include a reference to deed of record, giving the book and page as it appears in the office of the Clerk of the Circuit Court. (Emphasis supplied.)
Since the property appraiser clearly has a duty to utilize duly recorded maps and plats for purposes of describing real property within the county, you are concerned with whether you can use an amended plat you believe to have been adopted contrary to s. 197.046, F. S., in the preparation of your real property assessment roll.
Section 197.046, F. S., provides:
 197.046 Land shall not be subdivided; no plat filed until taxes paid. — No land shall be divided or subdivided and no drawing or plat of the division or subdivision of any land shall be filed or recorded in the public records of any court until all taxes have been paid on the land.
Although the statute is clear and unambiguous in describing a specific prohibition, it does not contain any remedial, enforcive, or implemental direction or language, nor does it direct who shall be responsible for its enforcement or the procedures therefor. However, since the statute is concerned with the administration and collection of taxes, its implementation and supervision properly rest with the Department of Revenue. Section 195.002, F. S. Pursuant to s. 195.027, F. S., the department is charged to prescribe rules and regulations for the assessing and collecting of taxes, which rules are to be followed by the property appraisers, tax collectors, clerks of the circuit court, and property appraisal adjustment boards. The law in Florida is well established that contemporaneous construction of a statute by those charged with its enforcement and interpretation is entitled to great weight and that the courts will not depart from such construction unless it is clearly erroneous. United States Gypsum Company v. Green, 110 So.2d 409 (Fla. 1959), and Kirk v. Western Contracting Corp., 216 So.2d 503 (1 D.C.A. Fla., 1969). Thus, to properly answer your questions, it is important to look first at the Department of Revenue's rules and regulations dealing with this subject matter.
Department of Revenue Rule 12D-12.11, F.A.C., states in pertinent part:
 Land shall not be subdivided or any plat filed until all taxes due and payable have been paid. In determining whether or not the taxes are paid the tax collector shall furnish, upon request, a search of his records for a period of twenty years in order to determine that there are no delinquent taxes, outstanding tax certificates or omitted years' taxes. The tax collector shall certify whenever necessary that all taxes have been paid. . . .
The rule reiterates the prohibition contained in the statute and places the burden on the tax collector to make a determination if there are taxes due and owing on a parcel of land before such parcel can be subdivided. However, the rule also fails to describe the legal status of a plat adopted and recorded contrary to the requirements of s. 197.046, F. S., for purposes of placing the properties shown on such plat on the real property tax assessment roll. Certainly, the rule (or s. 197.046) does not authorize the property appraiser to make an independent evaluation concerning the validity of a plat, the descriptions of the properties shown thereon, or the legal consequences, if any, of its recordation.
To more fully understand the prohibition contained in s. 197.046, F. S., it is helpful to look at the statutory procedures for platting land. Before a plat may be offered for recording, the plat must be approved by the appropriate governing body (apparently, in this instance, the board of county commissioners) and evidence of such approval placed thereon. Once duly approved, the plat shall be recorded by the circuit court clerk upon submission thereto of such approved plat. Sections 177.071 and177.111, F. S.; cf. AGO 075-10 (observing that s. 177.111 does not specify who is supposed to submit approved plats to the clerk for recordation, nor specifically direct the clerk to record it; the clerk's obligation to record an approved plat arises only upon payment of service charges as prescribed in ss. 28.222(3) and28.24(15), F. S., and the clerk cannot record an approved plat until the prescribed fees are paid), and AGO 075-309. If the plat is recorded in compliance with ch. 177, F. S., it thereby serves to establish the legal identity of all lands shown on it, and such lands may henceforth be conveyed by reference to such plat. Section 177.021. When the foregoing provisions of ch. 177 are read in conjunction with s. 197.046, it is apparent that the requirements of s. 197.046 are directed at those charged with approving and recording plats, i.e., in this instance, the board of county commissioners and the clerk of the circuit court, not towards the property appraiser. If the board of county commissioners acts improperly in approving a plat, it is up to that board, or a court of competent jurisdiction, by any available lawful means, to rectify the matter. Similarly, it is the clerk's error if he records a plat, although approved by the board of county commissioners, when the tax collector has not certified that there are no delinquent or unpaid taxes against or due on the subdivided lands. See AGO 055-52, and Department of Revenue Rule 12D-12.11, F.A.C.; cf. AGO 072-79 (under ss. 695.21 and 695.22, F. S., a circuit court clerk may refuse to record a deed or other instrument conveying an interest in land which does not show the correct address of the grantee), and AGO 066-52 (financial statements under the Uniform Commercial Code may not be accepted by the clerk for recordation unless there appears thereon a notation that the documentary stamps required by ch. 201, F. S., have been placed on the proper related instruments). However, regardless of noncompliance with the provisions of s. 197.046 or Rule 12D-12.11, the property appraiser must place properties as described or shown on an amended plat approved by the county commission and recorded in the public records by the circuit court clerk on the county real property assessment roll, unless otherwise directed by a court of competent jurisdiction.
In response to your second question, it is a fundamental rule of law that public officers have only such power and authority as are clearly conferred by statute or necessarily implied from statutorily granted powers. See, e.g., 67 C.J.S. Officers s. 102; Lang v. Walker, 35 So. 78, 80 (Fla. 1903); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); and AGO's 071-28, 071-191, 075-299, 078-77, 078-94, and 078-95. When there is doubt as to the existence of authority, it should not be assumed. See, e.g., White v. Crandon, 156 So. 303, 305 (Fla. 1934); Gessner v. Del-Air Corporation, supra; Edgerton v. International Company,89 So.2d 488, 490 (Fla. 1956); and AGO 078-101. An officer may not do everything not forbidden in advance by some legislative act. 67 C.J.S. Officers s. 102, at 366. Property appraisers, whose offices are constitutionally created and whose powers and duties are statutory, have no common law powers `. . . and what [powers] they have are limited to the statutes . . . .' State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, at 638 (1 D.C.A. Fla., 1974); AGO's 075-120 and 078-101. It is also the rule that, when a statute authorizes a specific act, the act includes the authority to do those things necessary to accomplish the result intended by the act, see 67 C.J.S. Officers s. 103, and Peters v. Hansen, 157 So.2d 103 (2 D.C.A. Fla., 1963). However, as stated by the Florida Court:
 An express power duly conferred may include implied authority to use means necessary to make the express power effective, but such implied authority may not warrant the exercise of a substantive power not conferred. . . . [Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936)]
Any power to be implied must also be essential in order to carry out the expressly granted power.
As has been previously stated, the basic duties of the property appraiser are to assess and list all real property located within the county and to place such property on the appropriate assessment roll. Sections 192.011 and 193.114, F. S. Although the property appraiser has other express and implied duties, either by statute or by rule, there is no statutory or regulatory language indicating that he has authority to require either the property owner or the circuit court clerk to rerecord an amended plat before accepting it for ad valorem tax roll purposes.
Prepared by: Linda C. Procta, Assistant Attorney General